EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| First Bank, Universal Insurance Company<br>　　　Demandantes-Apelantes<br><br>　　　　　　v.<br><br>Estado Libre Asociado de P.R. y Secretario de Justicia<br>　　Demandados-Apelados | Certiorari<br><br>2002 TSPR 7<br><br>156 DPR _____ |

Número del Caso: AC-2000-79

Fecha: 17/enero/2002

Tribunal de Circuito de Apelaciones:
　　　　　　　　　　　Circuito Regional V

Juez Ponente:
　　　　　　　　　Hon. Ramón Negrón Soto

Abogados de la Parte Apelante:
　　　　　　　　　Lcdo. Miguel A. Eliza Rivera
　　　　　　　　　Lcdo. Luis R. Rivera Martínez

Oficina del Procurador General:
　　　　　　　　　Lcda. Leticia Casalduc Rabell
　　　　　　　　　Procuradora General Auxiliar

　　　　　　　　　Lcda. Yvonne Casanova Pelosi
　　　　　　　　　Procuradora General Auxiliar

Materia: Impugnación de Confiscación

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


First Bank, Universal
Insurance Company

    Demandantes-Apelantes

                                AC-2000-79
     v.


Estado Libre Asociado de
P.R. y Secretario de Justicia

    Demandados-Apelados

Opinión del Tribunal emitida por la Juez Asociada señora NAVEIRA DE RODÓN



San Juan, Puerto Rico a 17 de enero de 2002


I


**El 16 de enero de 1999 la Policía de Puerto Rico confiscó un vehículo marca Suzuki del año 1984, el cual estaba registrado en el Departamento de Transportación y Obras Públicas a nombre del Sr. Alfonso E. Villafañe Fabián (en adelante dueño registral). Al momento de la ocupación del vehículo, éste era conducido por el joven José Luis Villafañe Rivera, hijo del dueño registral del vehículo, y viajaba como pasajero el joven Alexis Caraballo Flores. Ambos jóvenes fueron arrestados**

**por alegada violación al Art. 401 de la Ley de Sustancias Controladas,
24 L.P.R.A. § 2401.**

El 12 de febrero de 1999, First Bank y Universal Insurance Company presentaron una demanda de impugnación de confiscación ante el tribunal de instancia. First Bank alegó que era tenedor del contrato de venta condicional del vehículo, debidamente anotado a su favor en el Registro de Automóviles del Departamento de Transportación y Obras Públicas. Por su parte, Universal Insurance alegó tener interés legal en el caso ya que tenía expedida una póliza de seguro a favor de First Bank para asegurar el riesgo de confiscaciones.

Posteriormente, First Bank y Universal presentaron una moción de sentencia sumaria. En ésta alegaron que no habiéndose encontrado causa probable para el arresto contra el poseedor del vehículo e hijo del dueño registral del mismo, José Luis Villafañe Rivera, era improcedente la confiscación. Alegaron además que el hecho de que el poseedor del vehículo fue exonerado era evidencia de su desconocimiento sobre la actividad criminal ocurrida en el vehículo y que dicha exoneración constituía impedimento colateral por sentencia para el caso de confiscación.

El Secretario de Justicia presentó un escrito en oposición a la solicitud de sentencia sumaria. Señaló que contra el conductor del vehículo se había determinado causa probable en la vista de Regla 6 en alzada, y que contra el pasajero, Alexis Caraballo Flores, se había encontrado causa probable y su caso ya estaba señalado para juicio, por lo cual procedía la confiscación del vehículo.

El 11 de febrero de 2000, los demandantes reiteraron su solicitud de sentencia sumaria, fundamentándose en que no se había determinado causa probable para acusar al conductor y poseedor del vehículo, José Luis Villafañe Rivera. El Secretario de Justicia se opuso a esta solicitud, argumentando que el tribunal no tenía prueba alguna de la relación entre el poseedor y el pasajero del vehículo, y que contra éste último sí se había determinado causa probable.

El tribunal de instancia dictó sentencia declarando con lugar la solicitud se sentencia sumaria de los demandantes. Señaló el tribunal que por haber sido el poseedor y conductor del vehículo absuelto de los cargos imputados, no procedía la confiscación del vehículo en cuestión. En consecuencia, ordenó al Estado devolver la unidad confiscada o su valor de tasación.

**De esta determinación el Procurador General acudió en apelación ante el Tribunal de Circuito de Apelaciones (en adelante Tribunal de Circuito). Argumentó que habiendo hecho el pasajero del vehículo alegación de culpabilidad por el delito de posesión de sustancias controladas encontradas en su poder mientras viajaba en el vehículo confiscado, y no haberse presentado prueba alguna sobre el carácter de tercero inocente por parte del dueño registral del vehículo, no procedía dictar sentencia sumaria a favor de los demandantes.**

**El Tribunal de Circuito acogió el argumento del Procurador General. Determinó el foro apelativo que "establecido un vínculo delictivo entre el vehículo y el acto delictivo mediante la alegación de culpabilidad de un pasajero, debía explorarse mediante prueba que el dueño registral cuyo hijo conducía el vehículo era en realidad un tercero inocente." En consecuencia, revocó la sentencia dictada por el tribunal de instancia.**

Declarada sin lugar la moción de reconsideración presentada por los demandantes, éstos recurrieron ante nos mediante recurso de apelación el 18 de diciembre de 2000, señalando los siguientes errores:

Erró el Honorable Tribunal de Circuito al revocar el dictamen de instancia y resolver que la exoneración del poseedor y conductor del vehículo no evidencia su desconocimiento y falta de control y manejo de la sustancia controlada en posesión de un pasajero.

Erró el Honorable Tribunal de Circuito al no seguir la doctrina establecida por este Tribunal en el caso de <u>Sánchez</u> v. <u>Tesorero</u>, 72 DPR 133 (1951), que específicamente y a manera de excepción, invalida la confiscación de un vehículo cuando su conductor y poseedor ha sido exonerado de toda imputación de delito, independientemente de la culpabilidad de un pasajero por los hechos que motivaron la ocupación.

El 19 de enero de 2001, emitimos una resolución dando curso a la apelación presentada.[1]  Habiéndose perfeccionado el recurso, procedemos a resolver.

II

**Por estar íntimamente relacionados, discutiremos en conjunto ambos señalamientos de error.**

La Ley Uniforme de Confiscaciones, Ley Núm. 93 de 13 de julio de 1988, según enmendada, 34 L.P.R.A. § 1723 *et seq.*, dispone que estará sujeta a confiscación "toda propiedad que sea utilizada en relación a, o sea el resultado o producto de la comisión de delitos graves y de aquellos delitos menos graves en que por ley se autorice la confiscación".[2]  Por su parte, la Ley de Sustancias Controladas[3] establece que está sujeto a confiscación todo medio de transporte que se use o se destine para transportar o facilitar en alguna forma la transportación, venta, recibo, posesión o encubrimiento de sustancias declaradas ilegales por dicha ley.

Bajo el ordenamiento jurídico vigente, procede la confiscación tanto cuando el que posee la sustancia ilegal es el dueño del vehículo, como cuando es el que la posee es el poseedor del vehículo, o un pasajero.  Véase Del Toro Lugo v. E.L.A., 136 D.P.R. 973 (1994), General Accident Insurance Co. v. E.L.A., 137 D.P.R. 466 (1994).

---

[1]    Al momento de la presentación del recurso, existían dos (2) decisiones previas del Tribunal de Circuito inconsistentes con el caso de autos.  Entre todas las controversias existía un denominador común: el conductor y poseedor del vehículo resultó absuelto de los cargos que le fueron imputados, mientras que el pasajero resulto culpable.  En el caso Cooperativa de Ahorro y Crédito de Yauco y Universal Insurance Company v. E.L.A., (KLAN9900718), el Tribunal de Circuito, Circuito Regional V de Ponce y Aibonito confirmó un dictamen del tribunal de instancia que resolvió que no procedía la confiscación del vehículo en cuestión habiendo sido el poseedor del vehículo absuelto de todos los cargos.  En el segundo caso Jorge E. Mangual Ramírez v. E.L.A., (KLAN96000620), el Circuito Regional de Arecibo y Utuado revocó un dictamen del tribunal de instancia que resolvió que habiéndose declarado culpable el pasajero del delito imputado, procedía la confiscación del vehículo.  En el tercer caso Citicorp Finance Puerto Rico v. E.L.A., CC-2000-476, este Tribunal emitió sentencia de 11 de octubre de 2001.

[2]    34 L.P.R.A. § 1723(a).

También hemos determinado que "una sentencia final y firme de un tribunal respecto a una determinación de no causa en vista preliminar constituye cosa juzgada en su modalidad de impedimento colateral por sentencia en el pleito de impugnación de confiscación." Del Toro Lugo v. E.L.A., supra, pág. 993. Cabe señalar que, en ese caso, la doctrina de impedimento colateral por sentencia fue de aplicación debido a que ni al conductor del vehículo, hijo de su dueño registral, ni al pasajero, se les encontró causa probable por los delitos imputados.

La aplicación de la doctrina de impedimento colateral no afecta el hecho principal de que la confiscación es un procedimiento de carácter *in rem*, es decir, va dirigido contra la cosa misma y no contra el dueño de la propiedad, su poseedor, encargado o cualquier otra persona con algún interés legal sobre esta. Por esta razón, el impedimento colateral no aplica de manera automática al impugnar la confiscación del vehículo. Aunque el poseedor del vehículo resulte absuelto de los cargos imputados, esto no es en sí mismo suficiente para declarar inválida la confiscación. Lo determinante es si alguna actividad delictiva se ha cometido en el vehículo o mediante el uso del vehículo, aunque la misma no haya sido cometida por el poseedor o conductor del mismo.

Así pues, si el dueño, poseedor o encargado del vehículo, o la persona con interés legal sobre éste ha puesto, de forma voluntaria, dicho vehículo en posesión **del infractor** o de la persona bajo la cual éste actúa, los derechos de aquellos corren la suerte del uso a que el infractor pueda someter el vehículo. General Accident Insurance Co. v. E.L.A., supra, pág. 471.

La jurisprudencia ha desarrollado normas para proteger los derechos de aquellos que tienen un interés económico o propietario en el vehículo confiscado, y no han estado directamente involucrados en la actividad criminal que motiva la confiscación. A éstos se les conoce como terceros inocentes. Tanto los derechos del dueño del vehículo como los intereses económicos de una entidad financiera y su aseguradora bajo un contrato de

---

[3] Ley Núm. 4 de 23 de junio de 1974, según enmendada, 24 L.P.R.A. § 2401 *et seq.*

venta condicional podrían ser considerados terceros inocentes, si se establecen los elementos que acreditan dicha condición.

La doctrina de tercero inocente protege al propietario o al tenedor de interés legal o económico en el vehículo en aquellas situaciones en que éstos no han puesto el vehículo en posesión del infractor voluntariamente, o cuando se han tomado medidas cautelares expresas para precaver el uso ilegal de la propiedad en la comisión del delito. El carácter de tercero inocente depende de la naturaleza de la posesión o uso del vehículo por el infractor. Si éste no obtuvo la posesión de manera voluntaria o si se apartó sustancialmente de las medidas cautelares o las instrucciones particulares expresadas de quien entregó dicha posesión o uso, entonces es que tanto el dueño como el vendedor condicional o cualquier otro con interés en éste son terceros inocentes protegidos contra la confiscación. General Accident Ins. Co. v. E.L.A., supra, págs. 472-474 (citas omitidas, énfasis suplido).

III

**En el caso de autos, se dictó sentencia sumaria a favor de los demandantes bajo la teoría de que no procedía la confiscación porque contra el conductor y poseedor del vehículo, hijo de su dueño registral, no se encontró causa probable. Sin embargo,** uno de los pasajeros del vehículo confiscado hizo alegación de culpabilidad **precisamente por el delito que motivó la confiscación. Este pasajero fue el** infractor **de la ley, el cual cometió una actividad delictiva en el vehículo confiscado. Bajo estas circunstancias, para prevalecer en su solicitud de sentencia sumaria, era necesario que los demandantes presentasen prueba de su carácter de** terceros inocentes. **Es decir, tenían que establecer que la posesión del vehículo no fue obtenida por voluntad del dueño, o que el dueño tomó medidas cautelares para prevenir la actividad delictiva, o que el pasajero infractor actuó de manera contraria o apartándose de las instrucciones del dueño del vehículo.**

No surge de la moción de sentencia sumaria ni de los documentos que la acompañan prueba alguna que tienda a establecer el carácter de **terceros inocentes** de los demandantes.  Los demandantes fundamentaron su moción de sentencia sumaria esencialmente en la doctrina de impedimento colateral por sentencia, lo cual, de acuerdo a los hechos de este caso, no era suficiente para impugnar la confiscación.[4]  Actuó pues correctamente el Tribunal de Circuito al revocar la sentencia dictada por el tribunal de instancia.

**Por todos estos fundamentos, se confirma la sentencia del Tribunal de Circuito de Apelaciones.  Se devuelve el caso para que continúen los procedimientos de forma compatible con lo aquí resuelto.**

**Miriam Naveira de Rodón**
**Juez Asociada**

---

[4]    Los demandantes también fundamentaron su contención en lo resuelto en Sánchez v. Tesorero de P.R., supra, pág. 136, donde establecimos que "si la confiscación no procede cuando la persona a cargo del vehículo ni su reclamante tienen conocimiento ni motivos para conocer el uso ilegal para el cual se utilizó el vehículo, tampoco debe proceder cuando la persona a cargo del vehículo es el propio dueño quien es inocente de la infracción como sucede en el presente caso."  Estos pronunciamientos se dieron en el contexto de una situación muy distinta a la de autos, bajo otra ley.  En Sánchez se trataba de un chofer que recogió como pasajero en su automóvil a una persona que llevaba en su equipaje "ron caña" sin haber pagado el arbitrio exigido por la Ley de Espíritus y Bebidas Alcohólicas de 1936.  La Ley de Confiscaciones tiene un carácter completamente distinto, y para impugnar una confiscación hecha bajo la autoridad que éste confiere los elementos a probarse son lo que ha establecido la jurisprudencia interpretativa de dicha ley.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

First Bank, Universal
Insurance Company

    Demandantes-Apelantes

                          AC-2000-79

     v.

Estado Libre Asociado de
P.R. y Secretario de Justicia

    Demandados-Apelados

**SENTENCIA**

**San Juan, Puerto Rico a 17 de enero de 2002**

       **Por los fundamentos expuestos en la Opinión que antecede, se confirma la sentencia del Tribunal de Circuito de Apelaciones. Se devuelve el caso para que continúen los procedimientos de forma compatible con lo aquí resuelto.**

       **Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo Interina. El Juez Asociado señor Hernández Denton disiente sin opinión escrita.**

                         **Carmen E. Cruz Rivera**
             Secretaria del Tribunal Supremo Interina