EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Rosemarie Flores Pérez<br><br>Peticionaria<br><br>v.<br><br>Estado Libre Asociado de Puerto Rico<br><br>Recurrido | Certiorari<br><br>2016 TSPR 59<br><br>195 DPR \_\_\_\_ |

Número del Caso: CC-2014-1027

Fecha: 21 de marzo de 2016

Tribunal de Apelaciones:

      Región Judicial de Mayagüez, Aguadilla, Utuado – Panel X

Abogado de la Parte Peticionaria:

      Lcdo. José R. Olmo Rodríguez

Oficina de la Procuradora General:

      Lcda. Margarita Mercado Echegaray
      Procuradora General

      Lcda. María Astrid Hernández Martín
      Procuradora General Auxiliar

Materia: Procedimiento de confiscación. Bajo el esquema de la vigente Ley Uniforme de Confiscaciones de 2011 procede continuar reconociendo la defensa de tercero inocente conforme ha sido desarrollada jurisprudencialmente.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Rosemarie Flores Pérez

    Peticionaria

      v.                    CC-2014-1027     Certiorari

Estado Libre Asociado de
Puerto Rico

    Recurrido

Opinión del Tribunal emitida por el Juez Asociado SEÑOR ESTRELLA MARTÍNEZ

San Juan, Puerto Rico, a 21 de marzo de 2016.

Los hechos ante nuestra consideración requieren precisar si bajo el esquema de la vigente *Ley Uniforme de Confiscaciones de 2011* procede continuar reconociendo la defensa de tercero inocente conforme ha sido desarrollada jurisprudencialmente.

Para disponer de esta controversia de umbral, revisemos primeramente el escenario fáctico y procesal que la suscita. Veamos.

I

Los hechos pertinentes de este caso tienen su génesis en un incidente acaecido el 8 de octubre de 2011, cuando la Policía de Puerto Rico confiscó un vehículo de motor que aparecía

registrado a nombre de la Sra. Rosemarie Flores Pérez (señora Flores Pérez o peticionaria) en el Registro de Vehículos del Departamento de Transportación y Obras Públicas.[1] En síntesis, la notificación enviada a la peticionaria informaba que su vehículo se confiscó debido a que había sido utilizado en la comisión de varios delitos. Al momento de la ocupación, el vehículo era conducido por el hijo de la peticionaria, Sr. Joseph Emmer Flores (hijo), quien no observó el fiel cumplimiento de las instrucciones brindadas por su madre al momento de prestárselo y eventualmente se declaró culpable de los delitos imputados, siendo sentenciado a cuatro años de libertad bajo palabra.

En consecuencia, el 15 de noviembre de 2011, la señora Flores Pérez incoó una demanda en la cual impugnó la confiscación de su vehículo. En lo pertinente, alegó que le amparaba la defensa de tercero inocente, toda vez que tomó medidas cautelares e impartió instrucciones claras para prevenir que su vehículo se utilizara en actividades delictivas y su hijo se apartó sustancialmente de éstas. En apoyo a su argumento, sostuvo que estaba ajena a los actos delictivos que dieron lugar a la confiscación de su vehículo. Por tal motivo, reclamó que se decretara la invalidez de la

---

[1]Específicamente, se trata de un vehículo de motor Toyota Corolla del 2010.

confiscación y, por ende, que se ordenara la devolución de su vehículo.

Oportunamente, el Estado Libre Asociado (ELA) presentó su contestación a la demanda. En ésta, arguyó que la confiscación del vehículo se llevó a cabo conforme a los estatutos confiscatorios vigentes. Alegó que la confiscación se presumía legal y que le correspondía a la peticionaria derrotar esa presunción. Asimismo, argumentó que la Ley Núm. 119-2011, conocida como *Ley Uniforme de Confiscaciones de 2011* (Ley Núm. 119), 34 LPRA sec. 1724 *et seq.*, limita las circunstancias en que se permite reconocer la defensa de tercero inocente. Ello, pues, adujo que el Art. 25 de la mencionada ley, 34 LPRA sec. 1724v, exceptúa de la confiscación únicamente a vehículos alquilados a corto plazo por una empresa acreditada y aquéllos cuya posesión no se haya cedido voluntariamente por razón de haber sido robados o apropiados ilegalmente. Según el ELA, al no existir una querella de hurto con relación al vehículo en controversia, no puede establecerse que éste estaba en posesión del hijo de la peticionaria de manera involuntaria por razón de haber sido robado o apropiado ilegalmente.

Posteriormente, el 20 de enero de 2012, la señora Flores Pérez presentó una moción de sentencia sumaria. Entre otras cosas, anejó una *Declaración Jurada* en la cual indicó que le impartió unas instrucciones

específicas y diáfanas a su hijo antes de prestarle su vehículo. En particular, la señora Flores Pérez expresó en su *Declaración Jurada* que el 7 de octubre de 2011 autorizó a su hijo a utilizar el vehículo única y exclusivamente para asistir a una convención de terapia respiratoria, pues para ese entonces éste cursaba estudios en esa materia. A su vez, señaló que lo autorizó a utilizar el vehículo para pernoctar en un pueblo cercano al lugar donde se celebraba la convención y regresar al día siguiente a la misma. En ese sentido, manifestó que al momento de la ocupación su hijo conducía el vehículo en contravención a las medidas cautelares y a las instrucciones claras impartidas por ésta. Amparada en lo anterior, la señora Flores Pérez sostuvo que le aplicaba la defensa de tercero inocente contra la confiscación efectuada.

Tras varios incidentes procesales, el ELA se opuso a la solitud de sentencia sumaria instada por la peticionaria. Argumentó que le asistía un derecho a descubrimiento de prueba y a contrainterrogar a la peticionaria en cuanto a la defensa invocada y lo expuesto en su *Declaración Jurada*. De igual forma, alegó que la Ley Núm. 119 derogó la jurisprudencia relacionada a la figura del tercero inocente. A juicio del ELA, el precitado Art. 25 la Ley Núm. 119 solo exceptúa de la confiscación a vehículos alquilados y a aquellos cuya posesión no es cedida voluntariamente, es decir, por

haber sido robados o apropiados ilegalmente. De esa forma, adujo que no era de aplicación la defensa de tercero inocente, ya que la señora Flores Pérez le cedió voluntariamente el vehículo a su hijo.

Aquilatados los argumentos de las partes, el 30 de agosto de 2013, el Tribunal de Primera Instancia emitió una Resolución mediante la cual denegó la moción de sentencia sumaria presentada por la peticionaria. Entendió que existía controversia con respecto a las instrucciones impartidas por la señora Flores Pérez a su hijo al momento de prestarle el vehículo y si, en efecto, a ésta le aplicaba la defensa de tercero inocente. Así las cosas, el foro primario señaló una vista evidenciaria en aras de determinar la legitimación activa de la señora Flores Pérez para impugnar la confiscación del vehículo y adjudicar los hechos en controversia.

Estipulada la legitimación activa de la peticionaria, el 18 de diciembre de 2013, se celebró el juicio en su fondo. En éste, únicamente testificó la peticionaria y, a su vez, se admitieron varios documentos estipulados por las partes. Evaluada la prueba desfilada, el 20 de diciembre de 2013, el Tribunal de Primera Instancia dictó una Sentencia en la cual declaró no ha lugar la demanda de impugnación de

confiscación presentada por la señora Flores Pérez.[2] En desacuerdo, ésta solicitó reconsideración pero fue denegada.

Inconforme, la señora Flores Pérez acudió ante el Tribunal de Apelaciones. En síntesis, argumentó que el foro primario incidió al determinar que procedía la confiscación, a pesar de que es un tercero inocente que tomó medidas cautelares expresas e impartió instrucciones claras para evitar que su vehículo se utilizara con fines contrarios a la ley. El 13 de agosto de 2014, el foro apelativo intermedio emitió una Sentencia mediante la cual confirmó el dictamen recurrido. A tales efectos, razonó que el foro primario determinó justificadamente que a la señora Flores Pérez no le aplicaba la defensa de tercero inocente, ya que ésta entregó voluntariamente su vehículo, sin impartir instrucciones específicas. Del mismo modo, dictaminó que la peticionaria accedió a la petición de prestarle el vehículo a su hijo sin otorgarle mayores instrucciones

---

[2]Nótese que como parte de sus determinaciones de hechos, el Tribunal de Primera Instancia incluyó lo siguiente:

Declaró la demandante ser la dueña de la unidad vehicular, que la prestó a su hijo para que **única y exclusivamente** asistiera a la Convención de Terapia Respiratoria y pernoctara en Guánica, Puerto Rico. **Expresa que siempre tuvo el control y dominio del auto y que su hijo no observó el fiel cumplimiento de las instrucciones dadas**. *Véase* Apéndice de la petición de *certiorari*, pág. 82. (Énfasis suplido).

que las que habitualmente le brindaba para cualquier situación. Finalmente, el Tribunal de Apelaciones concluyó que la señora Flores Pérez no probó los requisitos para ser un tercero inocente y que no tomó medida cautelar alguna para prevenir que su vehículo se utilizara en actividades delictivas. Ante ello, la peticionaria instó una solicitud de reconsideración, pero fue declarada no ha lugar.

En disconformidad con ese proceder, la señora Flores Pérez recurre ante este Tribunal mediante recurso de *certiorari*. En esencia, reproduce los argumentos esgrimidos ante los foros recurridos. Esto es, señala que los aludidos foros incidieron al concluir que procedía la confiscación de su vehículo, a pesar de que le ampara la defensa de tercero inocente. En su escrito, la señora Flores Pérez reitera que nunca le prestaba el vehículo a su hijo, pero que lo hizo el 7 de octubre de 2011 para que éste acudiera a una convención relacionada con sus estudios universitarios. Alega que además de las instrucciones claras impartidas referentes al uso del vehículo, le recalcó a su hijo que fuese con cuidado y cautela. Del mismo modo, enfatiza que tomó las medidas necesarias y cautelares e impartió instrucciones claras para evitar que su único medio de transporte fuera utilizado para actos delictivos y que la única medida restante a las instrucciones otorgadas era no prestar su vehículo y evitar que su hijo asistiera a la referida

convención. En ese sentido, la señora Flores Pérez argumenta que se le castiga por el hecho de que ante su obligación como madre de alentar y promover el progreso académico de su hijo, le prestó su vehículo para asistir a una convención relacionada con sus estudios. De igual forma, hace hincapié en que no fue partícipe de ningún acto ilegal y desconocía que su hijo -quien no tenía expediente delictivo- utilizaría el vehículo para fines contrarios a la ley.

Fundamentada en lo anterior, la señora Flores Pérez sostiene que tomó las medidas cautelares expresas y otorgó las instrucciones precisas dispuestas por la jurisprudencia para que se le reconozca como un tercero inocente. Por tal motivo, solicita que este Tribunal declare inválida la confiscación y ordene la devolución de su vehículo o, en la alternativa, una compensación justa y razonable producto de la venta del vehículo en cuestión.

Oportunamente, la Oficina de la Procuradora General compareció mediante un escrito intitulado *Alegato del Estado Libre Asociado de Puerto Rico*. Argumenta que en virtud del citado Art. 25, la Ley Núm. 119 limita la defensa de tercero inocente a vehículos alquilados a corto plazo por una empresa acreditada y casos en los que medió robo o apropiación ilegal del vehículo. Por ende, plantea que no procede considerar a la peticionaria como un tercero inocente habida cuenta de

que no se trata de un arrendador de vehículos a corto plazo ni medió el robo o apropiación ilegal de su vehículo.

En la alternativa, la Oficina de la Procuradora General arguye que tampoco se encuentran presentes las circunstancias creadas por la jurisprudencia -al amparo de los anteriores estatutos confiscatorios- para aplicar la defensa de tercero inocente. Es decir, alega que no procede declarar a la peticionaria como tercero inocente, toda vez que ésta simplemente le prestó el vehículo a su hijo de forma voluntaria, sin tomar medidas cautelares o impartir instrucciones para evitar que se utilizara en actividades delictivas. Según la Oficina de la Procuradora General, la señora Flores Pérez accedió a la petición de prestarle el vehículo a su hijo, sin mayores instrucciones que las que regularmente le brindaba para cualquier situación. A juicio de la Oficina de la Procuradora General, las instrucciones impartidas por la peticionaria a su hijo fueron genéricas, ya que ésta no delimitó adecuadamente el uso que su hijo le podía dar al vehículo. Finalmente, argumenta que una vez la peticionaria prestó su vehículo voluntariamente, sus derechos corrieron la suerte que el poseedor del vehículo -en este caso su hijo- le diera al mismo.

En atención a lo anterior, el 27 de marzo de 2015, expedimos el recurso ante nuestra consideración. Con el

beneficio de la comparecencia de las partes involucradas, procedemos a resolver la controversia que nos ocupa.

## II

Según ha sido definida en múltiples ocasiones, la confiscación es el acto mediante el cual el Estado, por mandato de la Rama Legislativa y actuación de la ejecutiva, ocupa e inviste para sí todo derecho de propiedad sobre cualesquiera bienes que hayan sido utilizados en la comisión de ciertos delitos. Doble Seis Sport v. Depto. Hacienda, 190 DPR 763, 784 (2014); Rodríguez Ramos v. ELA, 174 DPR 194, 202 (2008); Del Toro Lugo v. ELA, 136 DPR 973, 980-981 (1994). De esta forma, efectuada conforme a derecho, la confiscación constituye una excepción a la protección constitucional que impide tomar propiedad privada para fines públicos sin justa compensación. Véase Art. II, Sec. 9, Const. ELA, Tomo 1, ed. 2008, págs. 323-324; véase, además, Coop. Seg. Múlt. v. ELA, 180 DPR 655, 662-663 (2011). Ello, claro está, sujeto al cumplimiento con el debido proceso de ser notificado y oído. Pueblo v. González Cortés, 95 DPR 164, 167-168 (1967).

## A.

Sabido es que en la actualidad el procedimiento de confiscación en nuestra jurisdicción está regulado por la Ley Núm. 119. Esta ley derogó la Ley Núm. 93-1988, 34 LPRA ant. sec. 1723 et seq., y se promulgó con el

propósito de establecer las normas que regirán el procedimiento a seguir en toda confiscación. A tales efectos, la Ley Núm. 119 instituyó un trámite expedito y uniforme para la confiscación de bienes por parte del Estado y la disposición de éstos.

Pertinente al caso ante nos, el Art. 13 de la Ley Núm. 119 enumera a quiénes se les debe notificar sobre una confiscación. Específicamente, dispone que el Director Administrativo de la Junta de Confiscaciones notificará la confiscación a las siguientes personas: (1) la que tuviere la posesión física del bien al momento de la ocupación; (2) aquélla que por las circunstancias, información, y creencia, el Director Administrativo considere como dueños del bien; (3) en los casos de vehículos de motor, al dueño, según consta en el Registro de Vehículos del Departamento de Transportación y Obras Públicas y al acreedor condicional que a la fecha de la ocupación tenga su contrato inscrito; y (4) en los casos de bienes inmuebles, al dueño, según consta en el Registro de la Propiedad del municipio donde ubica el bien y a la institución hipotecaria que a la fecha de la ocupación aparezca en dicho Registro como acreedor hipotecario del bien.[3] 34 LPRA sec. 1724j. Con relación al requisito de

---

[3]Surge expresamente de la Ley Núm. 119 que toda confiscación se notificará por correo certificado dentro de un término jurisdiccional de 30 días, siguientes a la

notificación, hemos expresado que éste es imprescindible para que las personas enumeradas en el Art. 13 puedan acudir al foro competente y presentar contra el Estado las alegaciones y defensas en cuanto a la confiscación efectuada. Mapfre v. ELA, 188 DPR 517, 527-528 (2013); *véase*, además, Negrón v. Srio. de Justicia, 154 DPR 79, 87 (2001).

Por su parte, el Art. 15 de la Ley 119 desglosa el procedimiento de impugnación que deberán observar las personas a quienes se les ha notificado de una confiscación. De este modo, se dispone que se podrá impugnar la confiscación dentro de los 30 días siguientes a la fecha en que se reciba la notificación, mediante la presentación de una demanda contra el ELA y el funcionario que autorizó la ocupación. *Véase* 34 LPRA sec. 1724l. Del Art. 15 se desprende que la legalidad y corrección de la confiscación se presumirá, independientemente de cualquier otro caso penal, administrativo, o cualquier otro procedimiento relacionado a los mismos hechos. Íd. Por tanto, "[e]l demandante tiene el peso de la prueba para derrotar la legalidad de la confiscación". Íd.

Asimismo, surge del proceso de impugnación dispuesto en la Ley Núm. 119 que una vez contestada la demanda, el foro judicial celebrará una vista de

fecha de la ocupación física de los bienes. 34 LPRA sec. 1724j.

legitimación activa, con el fin de dilucidar si previo a los hechos que motivaron la confiscación el demandante ejercía dominio y control de la propiedad en cuestión. Íd. De no cumplirse con el requisito de legitimación, el foro judicial desestimará inmediatamente el pleito. Íd.

Por otro lado, es menester señalar que del Art. 19 de la Ley Núm. 119 surgen los remedios disponibles en caso de que se decrete la ilegalidad de la confiscación efectuada. En su parte pertinente, el precepto establece que:

> En aquellos casos en que el Tribunal decrete la ilegalidad de una confiscación, la Junta devolverá la propiedad ocupada al demandante. En caso de que haya dispuesto de la misma, el Estado Libre Asociado de Puerto Rico le pagará el importe de la tasación al momento de la ocupación o la cantidad de dinero por la cual se haya vendido, la que resulte mayor, más el interés legal prevaleciente, de conformidad con las Reglas de Procedimiento Civil, según enmendadas, tomando como base el valor de tasación, a partir de la fecha de la ocupación. 34 LPRA sec. 1724p.

## III

De particular pertinencia y relevancia al caso de autos, resulta la normativa que la jurisprudencia ha desarrollado para proteger los derechos de aquéllos que tienen un interés económico y propietario en un vehículo confiscado y no han estado directamente involucrados en la actividad delictiva que motiva la confiscación. Ello, pues, existe un principio que dicta que aquel que cede o entrega la posesión de un vehículo, de ordinario, asume

el riesgo del uso ilegal que pudiera dársele al mismo. Es decir, la norma general es que si el dueño, poseedor o encargado del vehículo, o la persona con interés legal sobre éste, lo ha puesto, de forma voluntaria, en posesión del infractor o de la persona bajo la cual éste actúa, los derechos de aquéllos corren la misma suerte del uso a que el poseedor pueda someter el vehículo. First Bank, Uni. Ins. Co. v. ELA, 156 DPR 77, 83 (2002); General Accident Ins. Co. v. ELA, 137 DPR 466, 471 (1994); Del Toro Lugo v. ELA, 136 DPR 973, 987 (1994). Ahora bien, en repetidas ocasiones hemos hecho hincapié en que **no toda entrega de la posesión de un vehículo tiene iguales motivaciones, ni idéntica justificación, ni la misma necesidad, ni similares propósitos**. *Véanse*, por ejemplo, General Accident Ins. Co. v. ELA, *supra*, pág. 474; Del Toro Lugo v. ELA, *supra*, págs. 987-988; Carlo v. Srio. de Justicia, 107 DPR 356, 362 (1978); Ochoteco v. Tribunal Superior, 88 DPR 517, 528 (1963).

**A.**

En atención a lo anterior, la jurisprudencia ha hilvanado la doctrina de lo que se conoce como el *tercero inocente* para incluir situaciones en la cuales la "norma general" expuesta cede. En síntesis, este Tribunal ha expresado que la doctrina de tercero inocente protege al propietario o al tenedor del interés legal o económico en el vehículo en aquellas situaciones en que éstos no han puesto el vehículo en posesión del

infractor voluntariamente, o cuando se han tomado medidas cautelares expresas para precaver el uso ilegal de la propiedad en la comisión de un delito.[4] First Bank, Uni. Ins. Co. v. ELA, *supra*, págs. 83-84; General Accident Ins. Co. v. ELA, *supra*, pág. 474; Del Toro Lugo v. ELA, *supra*, pág. 987. Esto es, en caso de que el imputado no sea el dueño de la propiedad confiscada, éste tendrá a su alcance probar que no ha puesto la propiedad en posesión del supuesto infractor de manera voluntaria o que tomó las medidas cautelares expresas para prevenir el uso ilegal de la propiedad en la comisión de un delito. Del Toro Lugo v. ELA, *supra*, pág. 994.

Dicho de otra manera, el carácter de tercero inocente *depende de la naturaleza de la posesión o el uso que del vehículo haga el infractor*. Ello significa que **si éste no obtuvo la posesión del vehículo de manera voluntaria o si se apartó sustancialmente de las medidas cautelares o las instrucciones particulares expresadas de quien entregó dicha posesión o uso**, entonces es que tanto el dueño como el vendedor condicional o cualquier otro con interés en éste son terceros inocentes protegidos contra la confiscación. First Bank, Uni. Ins.

---

[4] Este Tribunal ha determinado que tanto los derechos del dueño del vehículo como los intereses económicos de una entidad financiera y su aseguradora, podrían ser considerados terceros inocentes si, claro está, establecen los elementos que acreditan dicha condición. First Bank, Uni. Ins. Co. v. ELA, 156 DPR 77, 83 (2002).

Co. v. ELA, *supra*, pág. 84; General Accident Ins. Co. v. ELA, *supra*, pág. 474.

**B.**

Es oportuno indicar que la derogada *Ley Uniforme de Confiscaciones de 1988* establecía que no estaba sujeto a ocupación para fines de confiscación un vehículo alquilado a corto plazo a una empresa acreditada, a menos que el Estado probara la existencia de un vínculo delictivo entre el dueño del vehículo y la persona que lo alquila o lo maneja. 34 LPRA ant. sec. 1723. Empero, esa disposición estatutaria no fue óbice para que se continuara erigiendo, reconociendo y extendiendo la doctrina jurisprudencial relacionada a la defensa de tercero inocente durante la vigencia de la aludida ley. Ello, toda vez que ni del historial legislativo de la ley de confiscaciones del 1998 ni de sus disposiciones surgía una prohibición expresa a dicha normativa jurisprudencial; mucho menos se limitó la defensa de tercero inocente al supuesto contemplado en la ley.

De forma similar a lo que surgía de la *Ley Uniforme de Confiscaciones de 1988*, el Art. 25 de la Ley Núm. 119 reitera, en su parte pertinente, que no estará sujeto a confiscación un vehículo alquilado a corto plazo por una empresa acreditada; esto, a menos que el Estado pruebe la existencia de un vínculo delictivo entre el dueño del

vehículo y la persona que lo alquila o lo maneja.[5] 34 LPRA sec. 1724v. Del mismo modo, el Art. 25 añade que tampoco se confiscarán vehículos que hayan sido robados o apropiados ilegalmente, a menos que el Estado pruebe que existe una relación delictiva entre el dueño del vehículo y la persona que lo robó o se apropió de éste de forma ilegal. Íd. Adviértase que a base de lo anterior, el ELA plantea que bajo la ley actual de confiscaciones la defensa de tercero inocente solo está accesible para el dueño de un vehículo alquilado a corto plazo o para el dueño de un vehículo que hubiera sido robado o apropiado ilegalmente. Ante ello, cuestiona si al amparo de la Ley Núm. 119 procede la defensa de tercero inocente conforme ha sido desarrollado jurisprudencialmente o si ésta fue restringida a los aludidos dos supuestos.

Con relación a lo anterior, cabe señalar que la Ley Núm. 119, al igual que su antecesora, no desaprobó expresamente la norma jurisprudencial desarrollada alrededor de la figura del tercero inocente. Nada del historial legislativo del estatuto en cuestión o de sus disposiciones revela la intención expresa del legislador de abolir, limitar o alterar el desarrollo

---

[5]Al igual que en la derogada ley de confiscaciones de 1988, el Art. 25 de la Ley Núm. 119 especifica que un vehículo ha sido alquilado a corto plazo cuando el alquiler no exceda de un período total de tres meses, incluyendo renovaciones, extensiones, o modificaciones del contrato de alquiler. 34 LPRA sec. 1724v.

jurisprudencial de la defensa de tercero inocente. Tampoco de circunscribir, sin más, la referida defensa a las circunstancias dispuestas en el precitado Art. 25. Sin duda, si el propósito del legislador era restringir la aplicación de la defensa de tercero inocente, así lo habría establecido. Ese no fue el caso. Por el contrario, surge con meridiana claridad de su *Exposición de Motivos* que uno de los objetivos del legislador al aprobar la Ley Núm. 119 fue "salvar el interés propietario de los dueños de la propiedad". (2011 (Parte II) Leyes de Puerto Rico 1762).[6]

De hecho, la Ley Núm. 262-2012 –promulgada con el propósito de enmendar la Ley Núm. 119 y definir quiénes se consideran "dueños" de la propiedad para efectos de impugnar la confiscación– reconoció la vigencia de la doctrina de tercero inocente. Particularmente, en la *Exposición de Motivos* de la Ley Núm. 262 se expresa, en lo pertinente, que:

> Las normas establecidas en la Ley 119 tomaron en cuenta, entre otros, en el mandato constitucional establecido en el Artículo II, Sección 7, de nuestra Constitución que reconoce el derecho a la vida, a la libertad y al disfrute de la propiedad y que ninguna persona será privada de su libertad y propiedad sin un debido proceso de ley.

---

[6] De ordinario, la tendencia en nuestro ordenamiento jurídico ha sido la de favorecer la vindicación del derecho propietario del dueño del vehículo desvinculado de la actividad criminal que produjo la confiscación. *Véanse* Coop. Seg. Múlt. v. ELA, 180 DPR 655, 662-663 (2011); Del Toro Lugo v. ELA, 136 DPR 973, 980-981 (1994); Ochoteco v. Tribunal Superior, 88 DPR 517, 528 (1963).

Considerando las referidas protecciones constitucionales, la Ley 119 crea un procedimiento para el cual se contempló garantizar el debido proceso de ley a todo dueño de bienes confiscados.

No obstante, la Ley 119 no definió con precisión las personas que se consideran "dueños" de un determinado bien para propósitos de asegurar las protecciones constitucionales antes mencionadas a pesar que en diversas instancias de la misma se reconoce el derecho a "personas con interés en la propiedad." A esos fines, la Ley 119 no establece con claridad que los acreedores garantizados por un bien sujeto a incautación poseen un "interés propietario" en dicho bien **que de acuerdo a la jurisprudencia vigente les convierte en un "dueño inocente" a los cuales se extienden las garantías constitucional antes expresadas.** Del Toro Lugo v. Estado Libre Asociado de Puerto Rico, 136 D.P.R. 973 (1994); First Bank, Universal Insurance Company v. Estado Libre Asociado de Puerto Rico, 156 D.P.R. 77 (2002). Es decir, lo que no logra la Ley es parear el reconocimiento que se da a aquellas personas con interés en la propiedad como hemos apuntado, y el reclamo legítimo que pudieran hacer éstos por sí mismos. (2012 (Parte II) Leyes de Puerto Rico 2341-2342) (Énfasis suplido).

De esta forma, se enmendó el Art. 15 de la Ley Núm. 119 para considerar "dueño" de la propiedad a una persona que demuestre tener interés propietario en la propiedad incautada, incluyendo una persona que posea un gravamen sobre dicha propiedad a la fecha de la ocupación, o una cesión válida de tal interés propietario. 34 LPRA sec. 1724l; véase, además, Mapfre v. ELA, supra, pág. 530. Ante ese cuadro, lejos de abolir o restringir la defensa de tercero inocente a dos meras circunstancias, el legislador quiso precisar quiénes pueden impugnar la confiscación y aludió

expresamente a los terceros inocentes, según la normativa jurídica vigente.

Examinados los preceptos jurisprudenciales y estatutarios pertinentes, procedemos a disponer la controversia ante nuestra consideración.

**IV**

A tenor con el cuadro fáctico que plantean los hechos, la controversia primaria de este caso nos exige precisar si bajo la Ley Núm. 119 procede la defensa de tercero inocente conforme ha sido desarrollada jurisprudencialmente o si ésta fue limitada en virtud de lo dispuesto en el Art. 25 de ese estatuto. A tono con ello, debemos resolver si a la señora Flores Pérez le ampara la defensa de tercero inocente, según la doctrina aplicable. Recapitulemos sucintamente el escenario fáctico ante nuestra consideración.

Como expresamos, la peticionaria incoó una demanda contra el ELA en la cual impugnó la confiscación de su vehículo. Sostuvo que le cobijaba la defensa de tercero inocente, ya que tomó medidas cautelares expresas e impartió instrucciones claras para evitar que su vehículo se utilizara para fines contrarios a la ley. De igual forma, alegó que no participó de ningún acto ilegal y que desconocía que su hijo utilizaría el vehículo para realizar actos ilegales.

Tras varios incidentes procesales, el Tribunal de Primera Instancia declaró no ha lugar la demanda de

impugnación. Inconforme, la peticionaria acudió ante el Tribunal de Apelaciones, el cual confirmó la determinación recurrida. En lo pertinente, razonó que la señora Flores Pérez entregó voluntariamente su vehículo, sin impartirle mayores instrucciones a su hijo que las que habitualmente le brindaba. A tales efectos, concluyó que la peticionaria no tomó medida cautelar alguna para prevenir que su vehículo se utilizara en actividades delictivas.

En desacuerdo, la señora Flores Pérez recurre ante este Tribunal. En esencia, reproduce los argumentos planteados ante los foros recurridos al sostener que le ampara la defensa de tercero inocente conforme ha sido desarrollada jurisprudencialmente. Por su parte, el ELA arguye que la Ley Núm. 119 limita la defensa de tercero inocente a las circunstancias dispuestas en su Art. 25. Alega que al no estar presentes ninguno de esos supuestos, no procede que se considere a la peticionaria como un tercero inocente. En la alternativa, el ELA aduce que no están presentes los requisitos creados por la jurisprudencia para aplicar la defensa de tercero inocente.

En primer lugar, debemos disipar el argumento principal esgrimido por el ELA en el cual alega que bajo la Ley Núm. 119 la defensa de tercero inocente solo procede cuando se trata de un vehículo alquilado a corto plazo o de un vehículo robado o apropiado ilegalmente.

No nos convence el razonamiento del ELA. Como expresamos, ni el historial legislativo ni las disposiciones expresas de la Ley Núm. 119 apoyan su planteamiento. Adviértase que la interpretación "restrictiva" de la defensa de tercero inocente que propone el ELA no encuentra cabida en nuestro ordenamiento jurídico. Ello, pues, el legislador, en el ejercicio de su discreción, nada dispuso sobre alterar, restringir o dejar sin efecto la referida defensa. Todo lo contrario. Del historial legislativo de la enmienda a la Ley Núm. 119 se desprende el reconocimiento de la doctrina de tercero inocente en nuestro ordenamiento. Así las cosas, determinamos que la defensa de tercero inocente, tal y como ha sido desarrollada jurisprudencialmente, continua vigente en nuestro ordenamiento.

Resuelta esa interrogante de umbral, resta por resolver si, conforme a los requisitos dispuestos por la jurisprudencia, la señora Flores Pérez es un tercero inocente protegida contra la confiscación efectuada. Examinado el caso y tras evaluar los documentos que obran en autos, concluimos que existe base suficiente para aplicar a favor de la peticionaria la defensa de tercero inocente. Por tanto, incidieron los foros recurridos al determinar lo contrario. Veamos.

La prueba desfilada demostró que la entrega del vehículo por parte de la señora Flores Pérez a su hijo

estuvo supeditada a que **única y exclusivamente** éste asistiera a una convención relacionada a sus estudios, pernoctara en un pueblo cercano al lugar donde se celebraba la actividad y al día siguiente retornara a la misma. Del mismo modo, quedó probado que la peticionaria siempre ha tenido **el control y dominio del vehículo** y que -contrario a lo alegado por el ELA- no se lo entregó a su hijo de manera irrestricta. Además, era la primera vez que la señora Flores Pérez le prestaba el vehículo a su hijo. De la prueba admitida, no controvertida por el ELA, es forzoso concluir que la señora Flores Pérez tomó medidas cautelares expresas e impartió instrucciones claras para prevenir que su vehículo fuese utilizado en actividades ilegales.

Más aún, no existe duda de que la señora Flores Pérez desconocía las actividades criminales en las que estaba involucrado su hijo, no consintió el uso del vehículo para fines ilegales y no participó en los hechos que le merecieron a éste enfrentar un proceso criminal y una sentencia condenatoria. Adviértase que los hechos probados denotan que el hijo de la peticionaria se apartó sustancialmente de las medidas cautelares expresas tomadas por ésta y no observó el fiel cumplimiento de las instrucciones otorgadas.

A la luz de lo anterior, resolvemos que la señora Flores Pérez merece ser considerada como un tercero inocente, por lo que procede su demanda de impugnación

de confiscación. Consecuentemente, revocamos la Sentencia recurrida.

**V**

En mérito de lo expuesto, resolvemos que a la señora Flores Pérez le cobija la defensa de tercero inocente, por lo que es improcedente la confiscación de su vehículo de motor. En consecuencia, revocamos el dictamen emitido por el Tribunal de Apelaciones y devolvemos el caso al Tribunal de Primera Instancia para los trámites de rigor de forma compatible con lo aquí resuelto.

Luis F. Estrella Martínez
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Rosemarie Flores Pérez

    Peticionaria

       v.                    CC-2014-1027        Certiorari

Estado Libre Asociado de
Puerto Rico

    Recurrido

SENTENCIA

San Juan, Puerto Rico, a 21 de marzo de 2016.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte de la presente Sentencia, se resuelve que a la señora Rosemarie Flores Pérez le cobija la defensa de tercero inocente, por lo que es improcedente la confiscación de su vehículo de motor. En consecuencia, se revoca el dictamen emitido por el Tribunal de Apelaciones y se devuelve el caso al Tribunal de Primera Instancia para los trámites de rigor de forma compatible con lo aquí resuelto.

Así lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Rivera García concurre con el resultado sin opinión escrita. La Juez Asociada señora Rodríguez Rodríguez disiente del criterio de una mayoría de este Tribunal, aun cuando está conteste con la exposición del derecho sustantivo aplicable, según consignado en los acápites II y III de la opinión que antecede. Ello, por considerar que, en este caso, no se adujo prueba suficiente para determinar que las presuntas instrucciones y medidas cautelares tomadas por la peticionaria fueron suficientes para que a ésta le cobijara la defensa del tercero inocente.

                         Juan Ernesto Dávila Rivera
                    Secretario del Tribunal Supremo