ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI-ESPECIAL

| | | |
|---|---|---|
| UNIVERSAL INSURANCE COMPANY; CARIBE FEDERAL CREDIT UNION<br><br>APELANTES<br><br>V.<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO; SECRETARIO DE JUSTICIA; SUPERINTENDENTE DE LA POLICÍA p/c SECRETARIO DE JUSTICIA<br><br>APELADOS | KLAN202400554 | *APELACIÓN* procedente del Tribunal de Primera Instancia Sala de Guayama<br><br>Caso Núm. GM2023CV00327<br><br>Sobre: Impugnación de confiscación |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Rivera Torres, la Jueza Rivera Pérez y el Juez Campos Pérez

Ortiz Flores, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de agosto de 2024.

Comparece ante nosotros CARIBE FEDERAL CREDIT UNION y UNIVERSAL INSURANCE COMPANY (Caribe; Apelante; Demandante) mediante un recurso de apelación y nos solicita que revoquemos la Sentencia emitida por el Tribunal de Primera Instancia (TPI), Sala Superior de Guayama, el 24 de abril de 2024.[1] En este dictamen, el TPI declaró **NO HA LUGAR** a la demanda de impugnación de confiscación por la Parte Demandante.

Adelantamos que, por los fundamentos que expondremos a continuación, se revoca la *Sentencia* apelada.

**I**

**A. Hechos**

Los hechos que dan origen a este pleito se retrotraen al 5 de marzo de 2023. Para esta fecha la Sra. Nieves era titular del vehículo de motor Mercedes Benz, modelo Sprinter 25000, con tablilla 0114-ET del año 2014.

---

[1] Apéndice del Recurso, págs. 3-14.

Este automóvil era utilizado para fines comerciales por la compañía Professional Transport PR LLC. (PTPR), registrada a nombre del Sr. Carlos Iván Martínez Giusti, esposo de la Sra. Nieves. Esta compañía se dedica a la transportación de individuos y otros servicios privados.

En la fecha mencionada, el Sr. Carlos Manuel Martínez López, conductor de PTPR, tuvo asignado el vehículo Mercedes Benz y proveyó un servicio de transportación al Sr. Christian Yulián Díaz Méndez y el Sr. Esteban David Cruz Vargas. El conductor recogió a los individuos en Plaza Las Américas en San Juan y se paró en varios destinos hasta llegar a un establecimiento en Santa Isabel. En el establecimiento de Santa Isabel ocurrió una intervención de los agentes del orden público, que terminó en una persecución policial hasta Guayama. En Guayama ocurrió una balacera entre los transportados y los agentes, en el cual culminó en el arresto de estos individuos y el conductor. La policía procedió a ocupar el vehículo de transporte bajo el Artículo 93-A del Código Penal y la Ley de Armas.

### B. Trámite Procesal

Luego de ocupar el vehículo de interés, se emitió una orden de ocupación para fines de confiscación el 23 de marzo de 2023.[2] El 6 de abril de 2023, el Sr. Carlos Martínez López recibió por correo certificado, la notificación sobre la confiscación del Mercedes Benz, propiedad de la Sra. Nieves.[3] El 1 de mayo de 2023, la Parte Demandante presentó su *Demanda* en contra del Estado Libre Asociado de Puerto Rico.[4] El 5 de junio de 2023, el Gobierno de Puerto Rico presentó su *Contestación a Demanda*.[5] El 13 de julio de 2023, la Parte Demandante presentó su *Moción Informativa sobre Legitimación*.[6]

El 18 de julio de 2023, el TPI emitió una *Sentencia Parcial* y se decretó el archivo de la reclamación del codemandante Universal sin

---

[2] Apéndice del Recurso, págs. 22-23.
[3] Apéndice del Recurso, págs. 24-25.
[4] Apéndice del Recurso, págs. 19-25.
[5] Apéndice del Recurso, págs. 26-31.
[6] Apéndice del Recurso, págs. 32-40.

perjuicio.[7] Además, para esta misma fecha el Tribunal a través de una *Resolución*, reconoció la legitimación activa de Caribe.[8] El 19 de julio de 2023, se notificó la *Minuta* sobre la Vista de Legitimación Activa celebrada el 18 de julio de 2023.[9] El 1 de noviembre de 2023, se notificó la *Minuta* sobre la Vista sobre el Estado de los Procedimientos, celebrada ese mismo día.[10]

El 12 de diciembre de 2023, las Partes del pleito presentaron en conjunto el *Informe Preliminar de Conferencia con Antelación al Juicio*.[11] El 14 de diciembre de 2023, se notificó la *Minuta* sobre la Vista de Conferencia con Antelación a Juicio mediante video conferencia, celebrada el 13 de diciembre de 2023.[12] El 1 de abril de 2024, la Parte Demandante presentó *Moción sometiendo Prueba Estipulada*.[13] El 5 de abril de 2024, el Gobierno de Puerto Rico presentó su *Moción sometiendo Prueba Admitida en Juicio*.[14]

El 12 de abril de 2024, Secretaría notificó la *Minuta* sobre la Vista en su Fondo, celebrada el 2 de abril de 2024.[15] El 24 de abril de 2024, el TPI emitió su *Sentencia* y declaró "NO HA LUGAR" la demanda de impugnación de confiscación.[16] El 2 de mayo de 2024, la Parte Demandante presentó su *Moción de Reconsideración*.[17]

El 7 de mayo de 2024, el TPI declaró "NO HA LUGAR" a la moción de reconsideración de la Parte Demandante.[18] Inconforme, la Parte Apelante acude ante este foro, el 6 de junio de 2024 y expone el siguiente señalamiento de error:

> **ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA, SALA DE GUAYAMA, AL DETERMINAR QUE LA TITULAR DEL VEHICULO OCUPADO Y LA PARTE APELANTE NO ES UN TERCERO INOCENTE.**

---

[7] Apéndice del Recurso pág. 41.
[8] Apéndice del Recurso, pág. 42.
[9] Apéndice del Recurso, págs. 43-44.
[10] Apéndice del Recurso, pág. 45.
[11] Apéndice del Recurso, págs. 46-65.
[12] Apéndice del Recurso, pág. 66.
[13] Apéndice del Recurso, págs. 67-73.
[14] Apéndice del Recurso, págs. 74-145.
[15] Apéndice del Recurso, págs. 146-153.
[16] Apéndice del Recurso, págs. 3-14.
[17] Apéndice del Recurso, págs. 15-18.
[18] Apéndice del Recurso, págs. 1-2.

Además, en esta misma fecha, la Parte Demandante le presentó a este foro una *Moción Solicitando Breve Término para Someter la Transcripción de la Prueba Oral*. El 26 de junio de 2024, la Parte Apelante presentó su *Alegato Suplementario* y *Moción Sometiendo la Transcripción de la Prueba Oral* a este tribunal apelativo. La parte apelada presentó el 19 de julio de 2024 su Alegato. Con el beneficio de los Alegatos de ambas partes y la Transcripción de la Prueba Oral, resolvemos.

**II**

El Tribunal Supremo de Puerto Rico (TSPR) ha definido la confiscación "como el acto de ocupación que lleva a cabo el Estado de todo derecho de propiedad sobre cualesquiera bienes que hayan sido utilizados en relación con la comisión de ciertos delitos". *Díaz Ramos v. E.L.A. y Otros,* 174 DPR 194, 202 (2008). La confiscación de bienes se le denomina *in rem* y es una ficción jurídica debido a que se le imputa responsabilidad a la propiedad usada o vinculada en el acto delictivo. *Coop. Seg. Múlt. v. E.L.A.,*180 DPR 655, 665 (2011).

La autoridad del Estado para ejercer estos poderes confiscatorios surge de la Ley Núm. 119 de 12 de julio de 2011, como un efecto disuasivo a la actividad criminal. 34 LPRA Sec. 1724 *et seq.* No obstante, el TSPR ha reiterado que los estatutos que autorizan la incautación de bienes se deben de interpretar "restrictivamente" debido a su carácter punitivo. *Pueblo v. González Cortés*, 95 DPR 164, 168 (1967). Posteriormente, se pautó por el Alto Foro lo siguiente:

> El proceso de incautación de propiedades al amparo de la Ley Uniforme de Confiscaciones es civil en su forma[,] pero punitivo en su naturaleza. Su objetivo, claramente identificado por la Asamblea Legislativa, es castigar al delincuente con la pérdida de su propiedad, además de la posible pérdida de su libertad. A ello se refiere la Legislatura cuando habla del propósito disuasivo de la confiscación. *Coop. Seg. Múlt. v. E.L.A.*, *supra, pág.* 680.

La confiscación es una excepción a la prohibición constitucional sobre la privación de la propiedad sin justa compensación. Art. II, Sec. 9 Const. PR, LPRA, Tomo 1, *Coop. Seg. Múlt. v. E.L.A., supra,* págs. 662-663. Sin embargo, al ejecutar este procedimiento se le requiere al Estado

cumplir con las garantías del debido proceso de ley, es decir, el derecho de ser notificado y escuchado. *Pueblo v. González* Cortés, *supra,* págs. 167-168. Por tanto, para determinar si procede la confiscación se debe evaluar "si existe prueba suficiente y preponderante de que se haya cometido un delito, y que exista un nexo entre la comisión del delito y la propiedad confiscada." *Del Toro Lugo v. E.L.A.,* 136 DPR 973, 983 (1994).

Debido a la naturaleza *in rem* del procedimiento de confiscación y la norma establecida en nuestra jurisprudencia, el derecho que tenga una persona sobre propiedad confiscada no se encuentra protegido cuando este ha puesto el bien en la posesión del infractor de forma voluntaria. *E.L.A. v. Tribunal Superior*, 94 DPR 717, 721 (1967). Pero esto no implica que la persona dueña de la propiedad queda desprovista de cualquier defensa. La jurisprudencia ha desarrollado la doctrina del tercero inocente para proteger aquellos con interés legal sobre propiedad incautada. *General Accident Ins. Co. v. E.L.A.*, 137 DPR 466, 472-473 (1994). La doctrina protege al tercero, que incluye al "propietario o al tenedor del interés legal o económico en el vehículo" que no ha cedido voluntariamente la posesión de la propiedad o que haya tomado "medidas cautelares expresas" para prevenir el uso delictivo del mismo. *First Bank, Univ. Ins. Co. v. E.L.A.*, 156 DPR 77, 83-84 (2002), que cita a *General Accident Ins. Co. v. E.L.A.*, *supra*, págs. 472-474. Esta defensa en contra de la confiscación cobija "tanto el dueño del vehículo como el vendedor condicional o cualquier otro con interés en éste". *First Bank, Univ. Ins. Co. v. E.L.A.*, *supra*, pág. 84, que cita a *General Accident Ins. Co. v. E.L.A.*, *supra*.

### III

El Apelante señaló en su recurso que el TPI erró al determinar que la Sra. Nieves no era un tercero inocente. Le asiste la razón.

En *Flores Pérez v. ELA*, 195 DPR 137 (2016), el TSPR resolvió que la titular del vehículo le aplicaba la defensa de tercera inocente debido a que ella no le entregó a su hijo el auto de manera irrestricta y tomó medidas

para evitar el uso ilegal del mismo. *Flores Pérez v. ELA*, *supra*, págs. 155-156. Además, indicó que la titular desconocía las actividades criminales de su hijo, no estuvo involucrada en el delito y tampoco consintió al uso ilegal del vehículo. *Id.*

En la situación de hechos correspondiente al recurso ante nuestra consideración, la Sra. Nieves estaba ajena a los actos delictivos que redundaron en la confiscación del vehículo. Ahora bien, al ceder voluntariamente el vehículo se corrió el riesgo del uso que se haga por el conductor. No obstante, la titular **no cedió el vehículo de forma irrestricta**.

Surge de la Transcripción de la Prueba Oral (TPO) que, durante el interrogatorio directo a la Sra. Nieves, esta declaró que el auto confiscado era de uso comercial para la compañía PTPR y que el Sr. Carlos Martínez era un conductor de la compañía.[19] Además, indicó que el Sr. Carlos Martínez estaba asignado ese día al vehículo de interés.[20] Es decir, el vehículo fue asignado a un chofer de la compañía, para un propósito comercial, que consiste en un servicio de transporte de individuos, por lo cual, el bien no fue cedido de manera irrestricta. El uso del vehículo era para realizar los servicios ofrecidos por la compañía y no surge del expediente que se haya autorizado para otro propósito.

En la TPO, la Sra. Nieves declaró que le impartió instrucciones al Sr. Carlos Martínez de no consumir bebidas alcohólicas mientras ofrece servicios y de seguir las leyes de tránsito.[21] También, durante el redirecto, indicó que no permite a los choferes, incluído Carlos Martínez, hacer uso ilegal del vehículo o hacer actos delictivos dentro del mismo.[22]

En la sentencia apelada, el foro primario determinó que las instrucciones de la titular no cumplen con el criterio de especificidad que requiere la doctrina de tercero inocente; sin embargo, no estamos de acuerdo con esta determinación. La Sra. Nieves le impartió las

---

[19] Transcripción de la Prueba Oral, págs. 11-13.
[20] Transcripción de la Prueba Oral, págs. 13-14.
[21] Transcripción de la Prueba Oral, págs. 14-15.
[22] Transcripción de la Prueba Oral, pág. 23.

instrucciones al conductor sobre lo más habitual y las precauciones que uno debe tener al manejar un vehículo de motor. Los hechos que llevaron a la confiscación del vehículo fueron excepcionales y no predecibles. Mas aún, de la TPO se observa que el Sr. Carlos Martínez López ha sido empleado de la compañía por un periodo aproximado de dos años.[23] Del expediente no surge evidencia que sugiera que el conductor haya tenido antecedentes penales o que haya estado participando de actividad delictiva previo al día los hechos.

En síntesis, la Sra. Nieves cedió el vehículo de forma restricta para un propósito comercial, tomó medidas cautelares expresas al impartir instrucciones sobre el uso vehicular y la prohibición general del uso ilegal del mismo. La titular no estaba asociada a la actividad delictiva y no tenía razón para conocer sobre el uso ilegal que se le hubiera dado al vehículo. Por todo lo cual, resolvemos que a la Sra. Nieves le cobija la protección del tercero inocente, por lo que el TPI erró al determinar que la Parte Apelante no es un tercero inocente.

**IV**

Por los fundamentos antes expuestos se revoca la *Sentencia* apelada y se declara ha lugar la impugnación de confiscación.

**Notifíquese.**

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[23] Transcripción de la Prueba Oral, pág. 21.