TRIBUNAL DE APELACIONES
PANEL X

| UNIVERSAL INSURANCE COMPANY Y OTROS<br><br>Apelantes<br><br>V.<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO, SECRETARIO DE JUSTICIA Y SUPERINTENDENTE POLICIA DE PUERTO RICO<br><br>Apelados | KLAN202201046 | Apelación procedente del Tribunal de Primera Instancia Sala de Superior de San Juan<br><br>Caso Núm.: SJ2022CV05783<br><br>Sobre: Impugnación de Confiscación |
|---|---|---|

Panel integrado por su presidente, el Juez Rodríguez Casillas, la Jueza Mateu Meléndez y el Juez Marrero Guerrero

Marrero Guerrero, Juez Ponente.

### SENTENCIA

En San Juan, Puerto Rico, a 28 de febrero de 2023.

Comparecen ante nos Universal Insurance y Toyota Credit de Puerto Rico (en conjunto la parte apelante) y solicitan que revisemos una *Sentencia* dictada y notificada el 2 de noviembre de 2022 por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI).[1] En el referido dictamen, el TPI desestimó la *Demanda* presentada por los apelantes en la que estos impugnaban la confiscación de un vehículo de motor Toyota Tacoma del año 2022 y con número de tablilla 1097879 (el vehículo), por concluir dicho Foro que no contaban con legitimación activa. Dicha decisión fue objeto de una *Moción de Reconsideración* presentada por los apelantes el 15 de

---

[1] Véase apéndice de *Apelación*, pp. 4-8.

noviembre de 2022[2], siendo la misma declarada sin lugar por el TPI el 4 de diciembre de 2022.[3]

Con el beneficio de la comparecencia de ambas partes, se adelanta la confirmación de la Sentencia apelada. Veamos.

-I-

El 3 de abril de 2022 agentes del orden público ocuparon el vehículo por, alegadamente, este ser utilizado en la comisión de infracciones a la Ley de Armas y a la Ley de Sustancias Controladas. Así las cosas, y en lo pertinente en el caso que nos ocupa, el 29 de junio de 2022, los apelantes presentaron *Demanda*, en la que, en síntesis, alegaron que la confiscación fue nula e ilegal por no haberse cumplido con los requisitos estatutariamente dispuestos para llevarla a cabo y porque no se le notificó dentro del término legal.[4]

El 22 de julio de 2022, el Estado Libre Asociado (ELA) presentó su *Contestación a Demanda* y, entre otros particulares, planteó que se debía llevar a cabo una vista de legitimación activa en la cual los apelantes venían obligados a demostrar haber tenido dominio y control sobre el vehículo al momento de la confiscación.[5] Luego de diversos trámites procesales, el 2 de noviembre de 2022 el TPI notificó su *Sentencia* en la que consignó los siguientes hechos[6]:

1. *Surge del Certificado de título expedido por DTOP que el vehículo objeto de confiscación está inscrito a nombre de la Sra. Euridis Gonzáles Millán.*

2. *El 3 de abril de 2022 el vehículo fue ocupado por el estado por alegadas infracciones a la Ley de Armas y la Ley de Sustancias Controladas. A la mencionada fecha, Toyota Credit no ostentaba gravamen mobiliario inscrito a su favor.*

3. *Posteriormente, el 18 de mayo de 2022, Toyota Credit radicó el DTOP-770 para presentar el gravamen mobiliario sobre vehículo de motor y esto resultó en la inscripción del gravamen a su nombre el 20 de mayo de 2022.*

---

[2] Véase apéndice de *Apelación*, pp. 9-16.
[3] Véase apéndice de *Apelación*, pp. 1-3.
[4] Véase apéndice de *Apelación*, pp. 23-25.
[5] Véase apéndice de *Apelación*, pp. 28-34.
[6] Véase apéndice de *Apelación*, pp. 5-8.

Acorde con lo anterior, el TPI señaló que a la fecha en la cual se ocupó el vehículo, Toyota Credit no había presentado la solicitud de inscripción de gravamen conforme a los términos de la Ley. Por lo tanto, concluyó que no podía ser considerado como dueño del vehículo y que, al momento en que el ELA tomó posesión del mismo, Toyota Credit solamente era acreedor de una obligación personal y el derecho a constituir una garantía oponible a terceros, pero no había perfeccionado el gravamen. Por lo tanto, concluyó que Toyota Credit no tenía legitimación activa presentar su reclamación y, consecuentemente, desestimó la *Demanda*.

En desacuerdo con lo anterior, las apelantes solicitaron al TPI reconsiderar la mencionada *Sentencia,* pero dicho proceder fue declarado No Ha Lugar el 5 de diciembre de 2022.[7] Inconforme con el dictamen, acude ante nos alegando que el TPI incidió de la siguiente manera:

1. *Erró el Tribunal de Primera Instancia, Sala de San Juan, al determinar que la parte apelante no posee legitimación activa para presentar la demanda de autos.*

En resumen, los apelantes sostuvieron que tienen un interés propietario sobre el vehículo propietario confiscado y que evidencia de ello es que el Estado le notificó a Toyota Credit tardíamente de la confiscación realizada. Argumentaron que para tener legitimación activa se requiere que el reclamante demuestre un interés propietario en el bien incautado, que ello se satisface con poseer un gravamen sobre dicha propiedad y que la Ley no incluye el requisito formal de inscripción del gravamen.

-II-

-A-

Dispone la Ley Núm. 119-2011, Ley Uniforme de Confiscaciones, en su noveno artículo que el Estado puede confiscar

---

[7] Véase apéndice de *Apelación,* pp. 1-3.

toda propiedad que resulte, sea producto o se utilice, durante la comisión de delitos graves y de aquellos delitos menos graves en los que por ley se autorice la confiscación, cuando estos se encuentren tipificados en el Código Penal de Puerto Rico y en diversos estatutos como, por ejemplo, la ley de sustancias controladas, de armas y explosivos, bebidas alcohólicas, etc. 34 LPRA secc. 1724f. Lo anterior es una excepción al mandato constitucional que prohíbe tomar propiedad privada para fines públicos sin justa compensación. *Coop. Seg. Múlt. v. ELA*, 180 DPR 655 (2011). No obstante, la confiscación está sujeta al mandato constitucional de que nadie será privado de su propiedad sin que antes medie un debido proceso de ley. *Coop. Seg. Múlt. v. ELA, supra*; *General Motors Acceptance v. Brañuela*, 61 DPR 725 (1943). Adicionalmente, destacamos que nuestro Tribunal Supremo ha dispuesto que a través de la confiscación se pretende desincentivar la conducta criminal al imponer un castigo adicional a la posible privación de la libertad tras un encausamiento penal, en este caso, la pérdida de la propiedad. *Coop. Seg. Múlt. v. ELA, supra*; *Díaz Ramos v. ELA y otros*, 174 DPR 194 (2008). También, ha acotado que se trata de un esquema estatutario punitivo que, si bien en su forma procesal es civil, se asemeja más, por su naturaleza, al campo criminal, pues por un lado, se vincula el proceso de confiscación con la conducta delictiva base que autoriza su ejecución de manera que, en su objetivo disuasivo y punitivo, constituya una herramienta adicional en los intentos del Estado por atender la problemática social de la criminalidad. *Íd.* Por otro lado, se separa procesalmente la confiscación de la acción penal, moviéndose la persecución del criminal de la esfera penal a la del proceso civil para incautarse de los bienes instrumentales del delito o resultantes de la operación o empresa criminal. *Íd.* En este sentido, se ha determinado que la falta de presentación de cargos criminales por los hechos que motivaron

la confiscación de la propiedad en cuestión no invalida automáticamente la acción confiscatoria. *Cooperativa de Seguros Múltiples v.* ELA, 209 DPR___ (2022). Así, la confiscación es un mecanismo en la lucha contra el crimen y actúa como una sanción penal adicional contra el criminal y, aunque el proceso mantiene su forma civil, su objetivo sigue siendo punitivo. *Coop. Seg. Múlt. v. ELA, supra; Díaz Ramos v. ELA y otros, supra.* Finalmente, la confiscación civil es de naturaleza *in rem,* es decir, se dirige contra la cosa que, a juicio del legislador, no debe permanecer en la posesión de ciertas personas, ya sea por la conexión con la actividad ilegal de su dueño o poseedor o porque la ley declara que la cosa es ilícita en sí misma. *Del Toro Lugo v. ELA,* 136 DPR 973 (1994).

Ahora bien, y en cuanto a quién se debe notificar un confiscación llevada a cabo, dispone el art. 13 de la Ley Núm. 119-2011, 34 LPRA secc. 1724j, que:

> *El Director Administrativo de la Junta notificará la confiscación y la tasación de la propiedad confiscada a las siguientes personas:*
>
> > *a) a la persona que tuviere la posesión física del bien al momento de la ocupación;*
> >
> > *b) a aquéllas que por las circunstancias, información y creencia, el Director Administrativo considere como dueños de dicho bien;*
> >
> > *c) en los casos de vehículos de motor, se notificará, además, al dueño, según consta en el Registro de Vehículos del Departamento de Transportación y Obras Públicas y al acreedor condicional que a la fecha de la ocupación tenga su contrato inscrito. [...]*

Por esa misma línea, el Art. 15 de la Ley Núm. 119-2021, 34 LPRA sec. 1724l, dispone lo siguiente en cuanto a la impugnación de una confiscación:

> *Las personas notificadas, según lo dispuesto en esta Ley y que demuestren ser dueños de la propiedad, podrán impugnar la confiscación dentro de los treinta (30) días siguientes a la fecha en que se reciba la notificación, mediante la radicación de una demanda contra el Estado Libre Asociado de Puerto Rico, y el funcionario que autorizó la ocupación, debiéndose emplazar al Secretario de Justicia dentro de los quince (15) días siguientes a la fecha en que se presentó la demanda. En aquellos casos que la notificación sea devuelta, los términos indicados comenzarán a computarse desde que la referida*

*notificación sea recibida por el Departamento de Justicia. Estos términos son jurisdiccionales. El Secretario de Justicia representará al Estado Libre Asociado de Puerto Rico en todos los casos de impugnación de confiscación y formulará sus alegaciones dentro de los treinta (30) días de haber sido emplazado. La demanda deberá radicarse en la sala correspondiente del Tribunal de Primera Instancia, Sala Superior. El Tribunal tramitará estas demandas de manera expedita y los procedimientos se celebrarán sin sujeción a calendario.*

También, dispone que existe una presunción de legalidad en la confiscación, por lo que el peso para rebatir tal presunción descansa sobre la parte demandante. Art. 15 de la Ley 119-2011, *supra.* Adicionalmente, y luego de la presentación de la demanda y la oportuna contestación a la misma, será necesaria la celebración de una vista sobre legitimación activa que tiene como propósito establecer si el demandante ejercía el dominio y control sobre la propiedad confiscada previo a los hechos que motivaron la confiscación. *Íd.* De no cumplir con tal requisito, el Tribunal ordenará la desestimación inmediata del pleito. *Íd.*

Por último, destacamos que, en el 2012, la Asamblea Legislativa aprobó la Ley Núm. 262-2012, para enmendar el precitado Artículo 15 de la Ley Uniforme de Confiscaciones de 2011, *supra,* a fines de aclarar con precisión quiénes se entenderán dueños durante el procedimiento de confiscación. Esto para salvaguardar el derecho constitucional a que no se le prive de su propiedad sin el debido proceso de ley. Véase, la Exposición de Motivos de la Ley Núm. 262-2012. Así pues, para fines de esta legislación se considera dueño:

> *Una persona que demuestre tener interés propietario en la propiedad incautada, incluyendo una persona que posea un gravamen sobre dicha propiedad a la fecha de ocupación de la propiedad incautada, o una cesión válida de tal interés propietario. Sección 1 de la Ley Núm. 262-2012, 34 LPRA sec. 1724(l).*

-B-

El concepto de justiciabilidad requiere la existencia de un caso o controversia real para que los tribunales podamos ejercer

válidamente el poder judicial. *Suárez Cáceres v. Com. Estatal Elecciones*, 176 DPR 31 (2009); *Com. de la Mujer v. Srio. de Justicia*, 109 DPR 715 (1980). De modo que la intervención del tribunal tendrá lugar únicamente si existe una controversia genuina surgida entre partes opuestas que tienen un interés real en obtener un remedio que afecte sus relaciones jurídicas. *Suárez Cáceres v. Com. Estatal Elecciones, supra.*

Ahora bien, no se considera una controversia ser justiciable cuando: (1) se procura resolver una cuestión política; (2) una de las partes carece de legitimación activa; (3) hechos posteriores al comienzo del pleito han tornado la controversia en académica; (4) las partes están tratando de obtener una opinión consultiva, o (5) se intenta promover un pleito que no está maduro. *Bhatia Gautier v. Gobernador*, 199 DPR 59 (2017); *Noriega v. Hernández Colón*, 135 DPR 406 (1994).

Cónsono con lo anterior, la doctrina de legitimación activa se define como la capacidad que se le requiere a la parte promovente de una acción para comparecer como litigante ante el tribunal, realizar con eficiencia actos procesales y, de esta forma, obtener una sentencia vinculante. *Bhatia Gautier v. Gobernador, supra.* A través de la legitimación activa el promovente procura demostrarle al tribunal que su interés es de tal índole que, con toda probabilidad, habrá de proseguir su causa de acción vigorosamente y habrá de traer a la atención del tribunal las cuestiones en controversia. *Sánchez et al. v. Srio. de Justicia et al.*, 157 DPR 360 (2002); *Hernández Agosto v. Romero Barceló*, 112 DPR 407 (1982).

Así, ante la falta de una ley que expresamente la confiera, existe legitimación activa cuando: (1) la parte que reclama ha sufrido un daño claro y palpable; (2) el daño es real, inmediato y preciso, no abstracto o hipotético; (3) existe una relación causal razonable entre la acción que se ejecuta y el daño alegado, y (4) la causa de acción

surge al amparo de nuestra Constitución o de alguna ley. *Acevedo Vilá v. Meléndez*, 164 DPR 875 (2005); *Hernández Torres v. Hernández Colón et al.*, 131 DPR 593 (1992); *Hernández Agosto v. Romero Barceló, supra.* Finalmente, destacamos que nuestro Tribunal Supremo ha validado las disposiciones de la Ley Núm. 262, *supra*, a los efectos de que las personas que demuestren tener un interés propietario en alguna propiedad incautada, incluso una persona que posea un gravamen sobre la propiedad a la fecha de su ocupación o una cesión válida de tal interés propietario, pueden impugnar la acción confiscatoria del Estado presentando una demanda de impugnación, lo que obedece a la necesidad de salvaguardar sus derechos constitucionales. *MAPFRE v. ELA*, 188 DPR 517 (2013).

-C-

Jurisprudencialmente, se ha establecido que la doctrina del tercero inocente se concretiza cuando quien cede un vehículo al infractor de manera involuntaria o cuando el dueño toma medidas cautelares expresas para precaver el uso ilegal del mismo. *First Bank, Univ. Ins. Co. v. ELA*, 156 DPR 77 (2002); *Del Toro Lugo v. ELA*, 136 DPR 973 (1994). Así, si el infractor se aparta de las instrucciones recibidas, el dueño y cualquier otro con interés en la propiedad confiscada son considerados terceros inocentes. Destacamos que, en caso de que el imputado no sea el dueño de la propiedad confiscada, este último tendrá que probar que no ha puesto la propiedad en posesión del supuesto infractor de manera voluntaria o que tomó las medidas cautelares expresas para prevenir el uso ilegal de la propiedad en la comisión de un delito. *Flores Pérez v. Estado Libre Asociado de Puerto Rico*, 195 DPR 137 (2016); *Del Toro Lugo v. ELA, supra*; *General Accident Ins. Co. v. ELA*, 137 DPR 466 (1994). Por lo tanto, el carácter de tercero inocente depende de

la naturaleza de la posesión o el uso que del vehículo haga el infractor. *Íd.*

-III-

En el caso ante nuestra consideración, aduce la parte apelante que incidió el TPI por resolver que no ostentaba legitimación activa para incoar la *Demanda* que sirvió como génesis del caso ante nos. Específicamente, sostiene que es acreedora garantizada del vehículo confiscado, pues cuenta con un gravamen presentado para inscripción e inscrito ante el Departamento de Transportación y Obras Públicas, lo cual, conforme a la Ley de Transacciones Comerciales es válido como un récord registrado y, a su entender, el mismo quedó debidamente perfeccionado. Adicionalmente, señala que, para reclamar por una confiscación, no es necesario ser dueño de un gravamen sobre la propiedad incautada, pues al amparo de la Ley de Transacciones Comerciales, basta con que un reclamante demuestre tener un interés propietario sobre el bien incautado para que cuente con legitimación activa. También, señala que la susodicha ley excluye que los terceros inocentes deban establecer sobre su interés propietario. Finalmente, plantea como hecho incontrovertido que la Junta de Confiscaciones incumplió con su obligación de notificarle a tiempo sobre la confiscación a Toyota Credit y que el ELA le reconoció legitimación activa a este último al notificarle la confiscación. Por lo que, a la luz de lo antes mencionado, arguye que sería erróneo de nuestra parte resolver que no ostenta legitimación activa para impugnar la confiscación efectuada y que dicha conclusión constituiría una violación su derecho a un debido proceso de ley.

Por su parte, en cuanto al error alegado, sostiene el ELA que las enmiendas a la Ley de Transacciones Comerciales[8] tuvieron el

---

[8] Específicamente, las enmiendas que surgieron en virtud de la Ley Núm. 262-2012.

efecto de extender el reconocimiento de legitimación para impugnar una confiscación a ciertas personas que, aunque sin ser propiamente dueños del bien confiscado, poseyesen un interés propietario al momento de la ocupación e incluyeron bajo el concepto de *dueño* de la propiedad incautada a quien contara con un gravamen a su nombre sobre dicha propiedad *a la fecha de la ocupación*. Así, señala que el vehículo en controversia fue ocupado el 3 de abril de 2022 y los documentos necesarios para solicitar la inscripción del gravamen a favor de Toyota Credit fueron presentados 45 días luego de la impugnada actuación gubernamental, es decir, el 18 de mayo de 2022. A esos efectos, sostiene que Toyota Credit no ostentaba derecho propietario a la fecha de la confiscación y, consecuentemente, no cuenta con legitimación activa para impugnar la misma. En cuanto a la notificación que se le cursó a Toyota Credit, alegó que esta es impertinente. Concluyó argumentando que el foro de instancia actuó de manera correcta al desestimar la impugnación de la incautación del vehículo, pues Toyota Credit no contaba con ningún derecho propietario sobre el mismo.

Luego de un análisis minucioso y sosegado sobre el expediente ante nuestra consideración, resolvemos que el TPI no incidió de la manera que alega la parte apelante. Veamos.

En síntesis, el análisis que este tribunal debe llevar a cabo requiere determinar si Toyota Credit reunía los criterios necesarios para presentar la impugnación de la confiscación. Una respuesta en la afirmativa sería posible si, en efecto, la mencionada parte ostentaba un interés propietario inscrito a su favor al momento de la confiscación. No obstante, surge del expediente que al momento de la incautación del vehículo, el 3 de abril de 2022, Toyota Credit no ostentaba derecho *erga omnes* alguno que se tradujera en un interés propietario que le brindara legitimación activa para

presentar la demanda de impugnación de la incautación ante el TPI. De hecho, no fue hasta el 18 de mayo de 2022 que se comenzaron los procedimientos que llevaron a la inscripción del gravamen a su nombre el 20 de mayo de 2022. Por lo tanto, es forzoso concluir que a la referida parte apelante no se le considera *dueño* del vehículo para los efectos de la Ley de Transacciones Comerciales, según enmendada, y por tanto procede concluir que no contaba con legitimación activa para presentar la acción de impugnación. Finalmente, resaltamos que resolver lo contrario tendría el efecto de que titulares de créditos personales que inscriban sus gravámenes en una fecha posterior a la incautación posean una acción legitimada para impugnar la misma, incluso luego de transcurridos los términos legalmente dispuestos para otros titulares afectados por dichos procedimientos.

Por esa misma línea, resolvemos que Toyota Credit no cumple con los requisitos definidos jurisprudencialmente para ser considerado un tercero inocente, pues dicha figura aplica a quien cede un vehículo al infractor de manera involuntaria o cuando el dueño toma medidas cautelares expresas para precaver el uso ilegal. En este caso nos encontramos ante una acreedora que, debiendo conocer el marco legal aplicable y la forma en que podría salvaguardar sus derechos, no actuó de manera diligente y obvió su deber de inscribir el gravamen a su favor para que el mismo fuera oponible a todo tercero, por lo que resulta improcedente aplicar dicha doctrina.

Así, acorde con lo aquí expuesto, confirmamos el dictamen del foro recurrido y resolvemos que no cometió el error alegado por la parte apelante.

-IV-

Por los fundamentos anteriormente expuestos se confirma la Sentencia apelada.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones