ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| COOPERATIVA DE SEGUROS MÚLTIPLES DE PUERTO RICO POR SI EN REPRESENTACIÓN DE ORIENTAL BANK<br><br>DEMANDANTE<br><br>V.<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO Y OTROS<br><br>DEMANDADO | KLAN202400788 | *APELACIÓN* procedente del Tribunal de Primera Instancia Sala de Guayama<br><br>Sala: 301<br><br>Casos Consolidados Números:<br><br>GM2022CV00570<br>**GM2022CV00592**<br><br>Sobre:<br><br>IMPUGNACIÓN DE CONFISCACIÓN |
| **FELIX DIAZ VAZQUEZ Y OTROS**<br><br>**APELANTES**<br><br>V.<br><br>**ESTADO LIBRE ASOCADO DE PEURTO RICO Y OTROS**<br><br>**APELADOS** | | |

Panel integrado por su presidenta, la juez Brignoni Mártir, la jueza Álvarez Esnard, y la jueza Prats Palerm

Brignoni Mártir, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 14 de febrero de 2025.

Comparece el señor Félix Díaz Vázquez, la señora Ana Abigail Serrano Bonilla y la Sociedad de Bienes Gananciales compuesta por ambos (los apelantes o los demandantes) mediante un recurso de *Apelación*. Nos solicitan la revisión de una *Sentencia* emitida el 9 de mayo de 2024, notificada el 13 de mayo de 2024, por el Tribunal de Primera Instancia, Sala Superior de Guayama (foro primario o foro *a quo*). En virtud del referido dictamen, el foro primario declaró *No Ha Lugar* la *Demanda* sobre impugnación de confiscación presentada por los apelantes. Así establecido, resolvió que los demandantes no rebatieron la presunción de legalidad que reviste el proceso confiscatorio ni presentaron prueba que permitiera concluir que les cobija la defensa de tercero inocente.

Por los fundamentos que expondremos a continuación, **confirmamos** el dictamen apelado.

**I.**

El 24 de agosto de 2022, el señor Díaz Vázquez, la señora Serrano Bonilla y la Sociedad de Bienes Gananciales compuesta por ambos instaron una *Demanda* de impugnación de confiscación en contra del Estado Libre Asociado de Puerto Rico (ELA o la parte apelada).[1] En ajustada síntesis, alegaron que, el 26 de julio de 2022, el ELA confiscó el vehículo de motor marca Nissan (Frontier) del año 2017 por alegada violación a los Artículos 190(D), 167 y 283(2) del Código Penal y los Artículos 6.05(2) y 6.14(2) de la Ley de Armas. En lo pertinente, adujeron que son propietarios del referido automóvil, según consta en el registro del Departamento de Transportación y Obras Pública. Así expuesto, aseveraron que nunca han utilizado dicho vehículo para fines delictivos o actos contrarios a la ley. A su vez, señalaron que son terceros inocentes, toda vez que no tienen responsabilidad alguna con los delitos mencionados. Por tanto, argumentaron que el ELA actuó arbitraria y caprichosamente, pues efectuaron la confiscación sin probar la comisión de un delito. En vista de ello, solicitaron la entrega de su automóvil.

Por su parte, el 21 de septiembre de 2021, el ELA sometió su *Contestación a la Demanda*.[2] Entre otros extremos, argumentó que el acto de confiscación transcurrió en el ejercicio de un deber ministerial, hecho de buena fe, y con la autoridad conferida al Estado según la Ley Uniforme de Confiscaciones de 2011. A su vez, negó la alegación basada en que los demandantes son terceros inocentes, pues no se presentaron hechos concretos al respecto. Finalmente, arguyó que la *Demanda* no aduce una causa de acción que justifique la concesión de un remedio. Por tanto, solicitó que se declarara *sin lugar* la reclamación instada en su contra.

---

[1] Apéndice de la parte apelante, págs. 1-7. Surge del expediente ante nuestra consideración que, el foro primario consolidó la reclamación judicial de los apelantes (GM2022CV00592) con la acción legal instada por la Cooperativa de Seguros Múltiples de Puerto Rico (GM2022CV00570).
[2] Apéndice de la parte apelante, págs. 9-14.

Luego de una serie de acontecimientos procesales, que no son necesarios pormenorizar, el 18 de abril de 2024, el Tribunal de Primera Instancia celebró el juicio en el cual comparecieron ambas partes acompañadas por sus representantes legales. En dicho proceso, el señor Díaz Vázquez declaró como testigo de la parte demandante mientras que el agente Roberto Ayala Vega fungió como testigo del ELA. En cuanto a la prueba documental sometida, consta la siguiente información:

Por la parte demandante y codemandante:
**Exhibit I –** Notificación de Confiscación con fecha del 5 de agosto de 2022.

**Exhibit II –** Contrato de Venta al Por Menor a Plazo de acuerdo de gravamen mobiliario

Por la parte demandada:
**Exhibit 1 –** Carta de notificación de confiscación con fecha de 5 de agosto de 2022 dirigida a Félix Díaz Vázquez junto a su acuse de recibo.

**Exhibit 2 –** Carta de notificación de confiscación con fecha de 5 de agosto de 2022 dirigida a José Manuel Díaz Serrano junto a su acuse de recibo.

**Exhibit 3 –** Carta de notificación de confiscación con fecha de 5 de agosto de 2022 dirigida a Oriental Bank and Trust junto a su acuse de recibo.

**Exhibit 4 –** Orden de Confiscación del 29 de julio de 2022.

**Exhibit 5 –** Informe de Incidente inicial (PPR 621.1) con fecha de 25 de julio de 2022.

**Exhibit 6 –** Informe de Incidente (PPR 621.1) con fecha de 28 de julio de 2022.

**Exhibit 7 –** Inventario de Vehículo (PPR 128) de 26 de julio de 2022.

**Exhibit 8 –** Sentencia final de culpabilidad en el caso El Pueblo de Puerto Rico v. José Manuel Díaz Serrano, Caso Núm. GBD2022G0038; GFJ2022G0009 y 0010; GLA2022G0045 al GLA2022G0048.[3]

Tras efectuar el correspondiente examen probatorio, el 9 de mayo de 2024, el Tribunal de Primera Instancia emitió *Sentencia*, notificada el 13 de mayo de 2024, en la que declaró *No Ha Lugar* la *Demanda* sobre impugnación.[4] Resolvió que la parte demandante no derrotó la presunción de legalidad y corrección que reviste a la confiscación. A la luz de ese razonamiento, concluyó que la controversia se redujo a evaluar si procedía

---

[3] Apéndice de la parte apelante, pág. 111.
[4] Apéndice de la parte apelante, págs. 110-121.

reconocer la defensa de tercero inocente.  Al respecto, dispuso el siguiente pronunciamiento judicial:

> El (sic.) [E]n el caso de autos se desprende del propio testimonio del demandante, que el vehículo confiscado fue conducido el día de los hechos por su hijo, el señor José Manuel Díaz Serrano.  Era éste quien único tenía el dominio y control de dicho vehículo para la fecha de los hechos, ya que la parte demandante se encontraba fuera de Puerto Rico.  Por tanto, el demandante puso el vehículo confiscado en posesión de su hijo de manera voluntaria, quien utilizó el mismo contrario a la ley, por lo que fue confiscado por el Estado.  Nótese que no puede decirse que el demandante tuvo siempre el control y dominio del referido vehículo ni que se lo entregó a su hijo de forma restrictiva.
>
> Por tanto, no podemos considerar al Sr. Díaz Vázquez como un tercero inocente, cuando se va mes y medio de vacaciones fuera de Puerto Rico, deja su casa y el vehículo en cuestión bajo la custodia de su hijo (dominio y control), bajo ninguna supervisión.  El decir en la vista en su fondo que le había dado un horario y unos días de uso del vehículo confiscado a su hijo, no lo convierte en tercero inocente.[5]

Oportunamente, el 22 de mayo de 2024, los demandantes presentaron una *Moción de Reconsideración*.[6]  Señalaron que entregaron el vehículo a su hijo para unos usos específicos, mas no irrestrictos, entiéndase, para acudir a su lugar de trabajo.  No obstante, reconocieron que su hijo se apartó sustancialmente de esa directriz.  Por lo tanto, solicitaron que el tribunal reconsiderara su decisión judicial, pues consideran que les cobija la defensa del tercero inocente.

En respuesta, el 27 de junio de 2024, el ELA sometió su *Moción en Cumplimiento de Orden: Oposición a Solicitud de Reconsideración*.[7]  Reiteró que la parte demandante no rebatió la presunción de legalidad y corrección de la confiscación.  En específico, sostuvo que no demostró que existían un vínculo entre la propiedad y el delito cometido.  Adujo, a su vez, que falló en probar la defensa de tercero inocente.  Por tanto, argumentó que no impugnó exitosamente la confiscación efectuada, por lo que, debe prevalecer la *Sentencia* objeto de la reconsideración.

Luego de considerar la argumentación de las partes, el 28 de junio de 2024, el foro primario dictó *Resolución*, notificada el 2 de julio de 2024,

---

[5] Apéndice de la parte apelante, págs. 119-120.
[6] Apéndice de la parte apelante, págs. 122-133.
[7] Apéndice de la parte apelante, págs. 134-136.

en la cual declaró *No Ha Lugar* la reconsideración presentada por los demandantes.[8]

Inconforme, el 23 de agosto de 2024, los demandantes recurrieron ante este Tribunal de Apelaciones mediante un recurso de *Apelación*, en el cual expusieron los siguientes señalamientos de error:

> **ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DETERMINAR QUE LA CONFISCACIÓN DEL VEHÍCULO DE MOTOR FUE VÁLIDA TODA VEZ QUE ESTE FUE UTILIZADO PARA LA COMISIÓN DE DELITO CUANDO TAL HECHO NO SE PROBÓ POR EL ESTADO.**
>
> **ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NO CONSIDERAR A LOS DEMANDANTES COMO TERCEROS INOCENTES CUANDO ESTOS CUMPLIERON CON LOS REQUISITOS DE ESA FIGURA.**

Eventualmente, el 26 de agosto de 2024, los apelantes presentaron una *Moción Informando Método a Utilizarse para Transcribir la Prueba Oral* en la cual indicaron que someterían la prueba oral estipulada. En atención a lo anterior, el 28 de agosto de 2024, esta Curia emitió *Resolución*, en la cual declaró *Ha Lugar* la solicitud referida, y en su consecuencia, concedió a la parte apelante un término de treinta (30) días para presentar la prueba oral debidamente estipulada con la parte apelante.

Acatado el decreto judicial, el 8 de octubre de 2024, este foro intermedio apelativo dictó *Resolución* en la cual acogimos la transcripción estipulada por las partes. Ese día, ordenamos a la parte apelada a presentar su alegato en oposición dentro del término de veinte (20) días contados a partir de la notificación. En cumplimiento con lo ordenado, el ELA radicó su *Alegato* el 28 octubre de 2024.

Con el beneficio de la comparecencia de las partes, procedemos a discutir el marco legal pertinente a la controversia ante nuestra consideración.

**II.**

**A. La confiscación en nuestro ordenamiento jurídico**

En nuestro ordenamiento jurídico la confiscación es el acto de ocupación y de investirse para sí el gobierno de todo derecho de propiedad

---

[8] Apéndice de la parte apelante, págs. 137-138.

sobre cualesquier bien que haya sido utilizado en la comisión de ciertos delitos. *Coop. Seg. Múlt. et als. v. ELA et al.,* 209 DPR 796, 804 (2022); *Reliable v. Depto. Justicia y ELA*, 195 DPR 917, 924 (2016). Este es un procedimiento estatutario que actúa como una sanción penal adicional contra los criminales. *Doble Seis Sport v. Depto. Hacienda*, 190 DPR 763, 784 (2014). A su vez, constituye una excepción a la protección constitucional que impide tomar la propiedad privada para fines públicos sin una justa compensación. *Flores Pérez v. ELA*, 195 DPR 137, 146 (2016). Ante la seriedad que supone este acto gubernamental, la confiscación representa una privación de la propiedad que debe satisfacer las garantías mínimas del debido proceso de ley. *Universal Ins. y otro v. ELA y otros*, 211 DPR 455, 463 (2023); *Reliable v. Depto. Justicia y ELA*, *supra*, págs. 924-925.

Así pues, existen dos modalidades del proceso de confiscación, a saber: (1) la de carácter criminal, conocida como confiscación *in personam*, y (2) la de naturaleza civil, conocida como *confiscación in rem*. *Coop. Seg. Múlt. et als. v. ELA et al., supra*, pág. 805; *MAPFRE v. ELA*, 188 DPR 517, 525 (2013). El Tribunal Supremo de Puerto Rico aborda estas categorizaciones de la siguiente manera:

> La confiscación *in personam* se perfila como una acción de índole penal, pues se produce como resultado de un veredicto de culpabilidad en un procedimiento criminal. En ese caso, la confiscación representa una parte de la sanción que se le impone al ofensor. Por otra parte, la confiscación *in rem* parte de la premisa fundamental de que esta es una acción distinta y separada de cualquier otro procedimiento penal, o sea, dirigido contra la persona. Es decir, esta acción, por ficción legal, se insta contra la cosa misma y no contra su dueño, poseedor, encargado u otra persona con interés legal sobre ella. *Universal Ins. y otro v. ELA y otros*, *supra*, pág. 464.

Nótese que la confiscación *in personam* permite que el gobierno vaya directamente contra la propiedad como parte de la ficción jurídica que considera que a la cosa —como medio o producto del delito— se le puede fijar responsabilidad independientemente del autor del delito. *Coop. Seg. Múlt. et als. v. ELA et al., supra*, pág. 807. En cambio, la confiscación *in rem* se dirige contra la cosa misma y no contra el dueño de la propiedad, poseedor, encargado, o cualquier otra persona con interés legal sobre el

bien. *B.B.V. v. E.L.A.,* 180 DPR 681, 686 (2011). **Lo anterior requiere que el Estado establezca que (1) existe prueba suficiente y preponderante de que se ha cometido un delito y (2) del nexo entre este hecho y la propiedad confiscada**. *Coop. Seg. Mult. v. E.L.A.,* 180 DPR 655, 669 (2011). (Énfasis nuestro). En tales escenarios, "si cualquier persona con interés legal sobre un vehículo lo ha puesto voluntariamente en posesión de alguna persona que lo utilice para actos delictivos, su derecho corre la suerte del uso al que el infractor someta el vehículo". *B.B.V. v. E.L.A.*, *supra*, pág. 686. No obstante, esta acción estatal es impugnable por aquellas personas que aleguen poseer un interés legal sobre la propiedad ocupada como discutiremos más adelante. *Mapfre v. E.L.A.*, 188 DPR 517, 525 (2013).

En aras de regular este procedimiento, la Asamblea Legislativa de Puerto Rico adoptó la Ley Uniforme de Confiscaciones, Ley Núm. 119-2011, 34 LPRA sec. 1724, según enmendada (Ley Núm. 119-2011 o Ley de Confiscaciones). Esta legislación establece un procedimiento que garantiza el debido proceso de ley a todo dueño de bienes confiscados, dándose fin a procedimientos dilatorios y evitando así que nuestros tribunales continúen congestionados por las demandas incoadas para impugnar las confiscaciones efectuadas. Exposición de Motivos de la Ley Núm. 119-2011, *supra*. A su vez, "establece un procedimiento expedito con requisitos estrictos que aplican tanto al Gobierno como a las partes con interés en los bienes confiscados". *Coop. Seg. Múlt. et als. v. ELA et al., supra,* pág. 805; *Reliable v. Depto. Justicia y ELA*, *supra*, pág. 298.

En lo pertinente, el Artículo 2 de la precitada legislación dispone los siguientes fines como parte de su política pública:

> Se establece como política pública del Estado Libre Asociado de Puerto Rico el crear mecanismos que faciliten y agilicen el proceso de confiscación de bienes muebles e inmuebles. Asimismo, estos mecanismos deben velar por los derechos y reclamos de las personas afectadas por una confiscación.
>
> En aras de cumplir con la política pública aquí establecida, y teniendo presente la premura con que debe ser atendida una confiscación, se sostiene y reafirma la naturaleza in rem de las

confiscaciones, independiente de cualquier otra acción de naturaleza penal, administrativa o de cualquier otra naturaleza. 34 LPRA sec. 1724.

Ahora bien, independientemente de la naturaleza de la confiscación, el Artículo 15 de la Ley Núm. 119-2011, *supra*, faculta a la persona propietaria del bien confiscado[9] a instar un demanda de impugnación de confiscación en la esfera civil:

> La demanda que al amparo de esta Ley se autoriza, estará sujeta estrictamente a los siguientes términos: el Tribunal ante el cual se haya radicado el pleito deberá adjudicarlo dentro del término de seis (6) meses contados desde que se presentó la contestación a la demanda, a menos que este término sea renunciado o ampliado con el consentimiento escrito de todas las partes y por causa justificada, por un término que no excederá de treinta (30) días adicionales; se **presumirá la legalidad y corrección de la confiscación independientemente de cualquier otro caso penal, administrativo o cualquier otro procedimiento relacionado a los mismos hechos. El demandante tiene el peso de la prueba para derrotar la legalidad de la confiscación**. El descubrimiento de prueba se llevará a cabo dentro de los primeros treinta (30) días contados a partir de la contestación a la demanda y no se extenderá a las declaraciones juradas que obren en el expediente del fiscal hasta que se tenga derecho a las mismas en alguna acción penal que exista relacionada a los hechos de la confiscación. 34 LPRA sec. 1724l.

En tales reclamaciones judiciales "se presumirá la legalidad y la corrección de la confiscación independientemente de cualquier otro caso penal, administrativo o cualquier otro procedimiento relacionado a los mismos hechos". *Universal Ins. y otro v. ELA y otros*, *supra*, pág. 468. Por tal motivo, el demandante tiene el peso de la prueba para derrotar la legalidad de la confiscación. *Flores Pérez v. ELA*, *supra*, pág. 148. Es decir, "la ley le asigna al demandante el peso de la prueba para derrotar la legalidad de la confiscación. *Universal Ins. y otro v. ELA y otros*, *supra*, pág. 468. De cumplir con estándar probatorio y consecuentemente el foro primario decretará la ilegalidad de la confiscación y la Junta de Confiscaciones devolverá la propiedad ocupada al demandante a tenor con el Artículo 19 de la Ley Núm. 119-2011, *supra*. 34 LPRA sec. 1724p. No obstante, si el gobierno dispone la propiedad confiscada, pagará el importe de la tasación al momento de la ocupación más el interés legal

---

[9] Para fines de esta Ley se considerará "dueño" de la propiedad una persona que demuestre tener interés propietario en la propiedad incautada, incluyendo una persona que posea un gravamen sobre dicha propiedad a la fecha de ocupación de la propiedad incautada, o una cesión válida de tal interés propietario, según dispuesto en el Artículo 15 de la Ley Núm. 119-2011, *supra*, 34 LPRA sec. 1724l.

prevaleciente, de conformidad con las Reglas de Procedimiento Civil tomando como base el valor de tasación a partir de la fecha de la ocupación. Íd.

## B. Defensa del tercero inocente en el contexto de confiscación

En atención a la confiscación, "[l]a jurisprudencia ha desarrollado normas para proteger los derechos de aquellos que tienen un interés económico o propietario en el vehículo confiscado y no han estado directamente involucrados en la actividad criminal que motiva la confiscación". *First Bank, Univ. Ins. Co. v. E. L. A.*, 156 DPR 77, 83 (2002). A esos fines, nuestro estado de derecho permite que una parte demandante levante la defensa de tercero inocente en una reclamación sobre impugnación de confiscación.

En lo pertinente, el carácter de tercero inocente depende de la naturaleza de la posesión o el uso que del vehículo haga el infractor. *Flores Pérez v. ELA*, *supra*, pág. 150. Sobre este particular, el foro supremo discute lo siguiente en el caso de que un infractor para un uso contrario a la ley:

> Si éste no obtuvo la posesión de manera voluntaria o si se apartó sustancialmente de las medidas cautelares o las instrucciones particulares expresadas de quien entregó dicha posesión o uso, entonces es que tanto el dueño como el vendedor condicional o cualquier otro con interés en éste son terceros inocentes protegidos contra la confiscación. *First Bank, Univ. Ins. Co. v. E. L. A., supra,* pág. 84.

De tal manera, el estado de derecho actual brinda una protección al propietario o al tenedor del interés legal o económico en aquellas situaciones en que éstos no han puesto el vehículo en posesión del infractor voluntariamente, o cuando se han tomado medidas cautelares expresas para precaver el uso ilegal de la propiedad en la comisión de un delito. Íd. No obstante, el reconocimiento de esta defensa "[s]e trata de una determinación que hace el tribunal, caso a caso, a base de la prueba que se le presenta". R. Carrión Vargas, *Confiscaciones en el derecho puertorriqueño*, 1ra ed., San Juan, 2024, págs. 63-64.

### C. Estándar de deferencia judicial ante las determinaciones de hechos y apreciación de la prueba

Es norma firmemente establecida que ante la ausencia de error manifiesto, prejuicio, parcialidad o pasión, no se favorece la intervención de los tribunales apelativos en la apreciación de la prueba, la adjudicación de credibilidad o las determinaciones de hechos formuladas por el Tribunal de Primera Instancia. *Peña Rivera v. Pacheco Caraballo*, 213 DPR 1009, 1024 (2024); *Ortiz Ortiz v. Medtronic*, 209 DPR 759, 778 (2022). Cónsono con tal principio, la Regla 42.2 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 42.2, dispone que "[l]as determinaciones de hechos basadas en testimonio oral no se dejarán sin efecto a menos que sean claramente erróneas, y se dará la debida consideración a la oportunidad que tuvo el tribunal sentenciador para juzgar la credibilidad de los testigos". Esta deferencia responde a "que los jueces de las salas de instancia están en mejor posición para aquilatar la prueba testifical porque tienen la oportunidad de oír, ver y apreciar el comportamiento del testigo". *Ortiz Ortiz v. Medtronic Puerto Rico Operations*, *supra*, pág. 779. Por tal razón, la declaración directa de un solo testigo, de ser creída por el juzgador de hechos, constituye prueba suficiente de cualquier hecho. *SLG Rivera Carrasquillo v. AAA*, 177 DPR 345, 357 (2009). En vista de ello, como regla general concedemos respeto a la adjudicación de credibilidad del juzgador primario de los hechos, dado que el foro apelativo cuenta solamente con "récords mudos e inexpresivos". *Trinidad v. Chade*, 153 DPR 280, 291 (2001).

Ahora bien, la deferencia en la evaluación de la prueba no es un asunto irrestricto. El foro apelativo puede intervenir con las conclusiones en caso de que la apreciación de la prueba no represente el balance más racional, justiciero y jurídico de la totalidad de la prueba. *González Hernández v. González Hernández*, 181 DPR 746, 777 (2011); *Cárdenas Maxán v. Rodríguez Rodríguez*, 125 DPR 702, 714 (1990). Tal instancia ocurre cuando "la evaluación se distancie de la realidad fáctica o esta es inherentemente imposible o increíble tenemos la responsabilidad ineludible

de intervenir". *Santiago Ortiz v. Real Legacy et al.*, 206 DPR 194, 219 (2021). De igual modo, la deferencia no opera cuando el juzgador actúa "movido por inclinaciones personales de tal intensidad que adopta posiciones, preferencias o rechazos con respecto a las partes o sus causas que no admiten cuestionamiento, sin importar la prueba recibida en sala e incluso antes de que se someta prueba alguna". *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 782 (2013).

**III.**

En el recurso de epígrafe, los apelantes señalan que incidió el Tribunal de Primera Instancia al determinar la legalidad y la corrección de la confiscación a pesar de que el Estado no probó tal hecho. De igual modo, argumentan que erró al no resolver que les ampara la defensa de tercero inocente. Al respecto, aseguran que tomaron las medidas cautelares expresas e impartieron instrucciones claras para evitar que el vehículo de motor se utilizara para fines contrarios a la ley. Aducen, además, que desconocían que su hijo utilizaría el vehículo confiscado para efectuar actos delictivos. En vista de ello, solicitan la revocación de la *Sentencia* objeto de revisión apelativa.

Por su parte, el ELA sostiene que el foro primario actuó correctamente, pues la parte demandante no tomó las medidas cautelares necesarias que permitieran reconocer a su favor la defensa de tercero inocente en este contexto. Argumenta que surge del testimonio del señor Díaz Vázquez que este no advirtió de manera expresa a su hijo para evitar la utilización de la propiedad confiscada en conducta tipificadas penalmente. Ante tal realidad, arguye que la parte demandante no derrotó la presunción de legalidad de la confiscación efectuada por el Estado. Por lo anterior, peticionan la confirmación de la decisión judicial cuestionada por los apelantes.

Luego de evaluar sosegadamente el presente recurso y el material probatorio que le acompaña, determinamos que procede confirmar el dictamen apelado. Adelantamos que los apelantes no presentaron prueba

suficiente para rebatir la presunción de legalidad y corrección que reviste a los procesos de confiscación. Concluimos, a su vez, que tampoco les cobija la defensa de tercero inocente. Así establecido, pasemos a resolver la controversia objeto de esta apelación. **Veamos**.

**En la discusión del primer señalamiento de error, los apelantes argumentan que el Estado no presentó prueba suficiente que sostuviera que el vehículo fue utilizado para la comisión de ese delito. A base de tal premisa, razonan que la parte apelada no probó la existencia del nexo requerido para llevar a cabo la confiscación. A la luz del derecho vigente, determinamos que no les asiste la razón.**

Un examen detenido del expediente apelativo permite corroborar que el proceso confiscatorio respondió a unos actos delictivos investigados por agentes del orden público. Sobre este asunto, el Estado, a diferencia de los apelantes, demostró adecuadamente que existe prueba suficiente y preponderante de que se cometió un delito y del nexo entre este hecho delictivo y la propiedad confiscada. Constatemos nuestro razonamiento jurídico con el testimonio del agente Ayala Vega.

Surge de la *Trascripción de la Prueba Oral* que, el 25 de julio de 2022, el supervisor de dicho agente le contactó para informarle sobre un alegado robo domiciliario.[10] A raíz de la querella sometida por la comisión del delito aludido, este inició el proceso investigativo, que incluyó una serie de entrevistas a las partes perjudicadas.[11]

Durante esta etapa investigativa, el agente recibió información de un vehículo de motor modelo Frontier, el cual había sido utilizado para la comisión del delito mencionado.[12] De conformidad con lo anterior, manifestó que obtuvo acceso a las grabaciones de unos videos en los que aparecía el vehículo de los apelantes:

> Cuando veo el video, cuando veo el video me percato de que la hora de los hechos, eh, sale José Manuel Díaz Serrano, que es el hijo del señor aquí presente, Eh, salen en la guagua, en la guagua blanca con otro joven más que se llama Francisco Santiago, eh, con "jacket" color negro, como me lo describieron las víctimas.

---

[10] Transcripción de la Prueba Oral, pág. 39.
[11] Transcripción de la Prueba Oral, págs. 39-48.
[12] Transcripción de la Prueba Oral, págs. 48-49.

> Exactamente como lo describen las víctimas, salen de la casa del señor aquí presente, salen en esa guagua Frontier, 4 puertas, color blanca, recogen algo en una verja, se paran, recogen algo en una…, algo que tenían escondido en una verja, se montan, los dos vestidos de negros y, y se van a esa…, más o menor como a las 12:00 de la noche, este, salen de ahí y luego alrededor de una hora regresan, este, a la casa otra vez, los dos.[13]

Ante este escenario, el agente expresó que le informó a la fiscal Milagros Saldaña sobre tal hallazgo.[14] Destacó que a raíz de ello el Estado efectuó la confiscación, y con posterioridad radicó cargos contra el señor Díaz Serrano, quien es el hijo de los apelantes.[15] Sobre este proceso, esbozamos las siguientes declaraciones:

> P. ¿Qué paso con el caso?
>
> R. Radicaron…, sí, se consultó con ella el caso, este se mandó a confiscar la guagua, este, el 29 de julio…, la confiscación.
>
> P. Y le pregunto, ¿qué, sobre la verdad, los motivos que tenía esta fiscal para confiscarla, de lo que uste pudo describir, qué fue lo que usted, verdad, le, le narró, qué fue la prueba que usted utilizó.
>
> R. Le presenté los videos.
>
> P. Ajá.
>
> R. Y los testimonios de los, de los testigos de las víctimas.
>
> P. "Okay".
>
> R. Y ella [entiéndase, la fiscal] me indicó que, que había motivos fundados para, para confiscar la guagua, ya que fue utilizada para la comisión de, de un delito.
>
> P. ¿Y usted sabe si en este caso se radicaron cargos criminales a estas personas por estos hechos?
>
> R. Sí. Se les radicaron cargos criminales a ambos.[16]

Nótese que la parte apelada demostró mediante el testimonio del agente que existe prueba suficiente y preponderante que permite concluir que en efecto (1) se cometió un delito, y (2) que, a su vez, existe un nexo entre el acto delictivo y la propiedad confiscada. En esa dirección, destacamos que el agente identificó correctamente que el vehículo confiscado, cuyas características responden al automóvil de los demandantes, tenía un vínculo con el acto delictivo atribuido al señor Díaz Serano. En virtud de tales circunstancias, el ELA asumió su deber

---

[13] Transcripción de la Prueba Oral, págs. 48-49.
[14] Transcripción de la Prueba Oral, págs. 54-55.
[15] Transcripción de la Prueba Oral, pág. 56.
[16] Transcripción de la Prueba Oral, págs. 55-56.

ministerial de confiscar el vehículo según establecido por la Ley de Confiscaciones, *supra*. Tal proceder procuró evitar que la propiedad fuera utilizada para futuras actividades delictivas. Véase, Coop. *Seg. Mult. v. E.L.A., supra*, pág.663.

**Abordado lo anterior, nos corresponde resolver la controversia respecto a la defensa de tercero inocente levantada por los apelantes. En atención a este segundo señalamiento de error, disponemos que estos no alcanzaron a demostrar probatoriamente que les ampara tal defensa.**

En la *Transcripción de la Prueba Oral* consta que, el 25 de julio de 2022, el señor Díaz Vázquez no se encontraba en Puerto Rico. Por tal hecho, aseveró que desconocía que la confiscación guardaba relación a unos hechos delictivos relacionados con su hijo. Al respecto, surgen las siguiente declaraciones por parte del señor Díaz Vázquez:

> P. Oriental. Le pregunto, ¿si usted recuerda qué pasó el día 25 de julio de 2022?
>
> R. Este no, desto, porque no…, no me encontraba en…, o sea, yo estaba de viaje en Colombia, yo no sabía de nada.
>
> P. "Okay". ¿Y usted sabe si ese vehículo de motor tuvo alguna intervención policiaca?
>
> R. No, no lo sabía. No.
>
> P. ¿Cuándo usted lo supo?
>
> R. Después que regresé.
>
> P. ¿Cómo?
>
> R. Después que regrese de Colombia.
>
> P. Okay. Y le pregunto ¿con quién estaba relacionado este vehículo de motor por esa intervención policiaca?
>
> R. Con mi hijo.[17]

No obstante, en aras de prevalecer en su contención, el señor Díaz Vázquez atestiguó que brindó a su hijo unas directrices específicas. A preguntas de su representante legal surgidas en el interrogatorio directo, respondió que su hijo tenía limitada la utilización del automóvil, según esbozado a continuación:

---

[17] Transcripción de la Prueba Oral, págs. 11-12.

P. La podía utilizar de, lunes a viernes para trabajar en San Juan. Porque él trabajaba en San Juan, porque el carrito de él se le había dañado y yo se la dejé para pudiera trabajar de 5:00 a 5:00 de la tarde, porque llegaba a las 5:00, 5:30.[18]

A pesar de tal declaración, el señor Díaz Vázquez reconoció en el contrainterrogatorio que también le había prestado a su hijo el automóvil en otras instancias no relacionadas con su trabajo:

R. No, no. Él lo usaba cuando…, para trabajar, yo se la daba para trabajar.

P. Solamente para para trabajar. Pero en otras ocasiones se la había dado.

**R. Si tenía que buscar una herramienta o algo en la en la semana.**

P. "Okay". So, podemos decir que usted acostumbraba a prestarle el referido vehículo a José Manuel Díaz Serrano regularmente.

R. No regularmente, para trabajar de lunes a viernes de 5:00 a 5:00.

P. Pera [sic] esa, esa vez del 25 de julio de 2022 no era la primera vez que lo utilizaba. ¿Verdad que no?

R. No sé. Si fue "weekend" no podía…, si fue "weekend" no podía usarla. [19]

En esa misma línea, la representación legal de la parte apelada le cuestionó al apelante si tenía constancia de que su hijo poseía antecedentes penales. En lo pertinente, surgen las siguientes declaraciones:

P. ¿Usted sabe o sabía que su hijo tenía Antecedentes Penales antes de los hechos del 25 de julio de 2022?

R. ¿Si tenía antecedentes penales?

P. Sí.

R. Bueno, él estuvo con la…, tuvo…

P. Eso es sí o no. Si sabe o no sabe.

R. Sí. Sí yo sé que tenía Antecedentes Penales.[20]

Ante las circunstancias expuestas, notamos que el señor Díaz Vázquez no declaró que brindó una directriz particularizada a su hijo respecto a la utilización de la propiedad confiscada. A continuación, se esbozan estas declaraciones surgidas en el contrainterrogatorio:

---

[18] Transcripción de la Prueba Oral, pág. 13.
[19] Transcripción de la Prueba Oral, pág. 21.
[20] Transcripción de la Prueba Oral, págs. 21-22.

P. ¿Alguna otra instrucción o medida cautelar usted tomó para, verdad, en cuanto a ese vehículo, para para evitar que utilizara en la comisión de algún delito?

R. Bueno, no… supuestamente eso era para trabajar, esa guagua específicamente se le dijo a él que era para trabajar.

P. Pero, ¿pero usted le llegó a decir a su hijo que específicamente, por ejemplo, que no utilizara ese vehículo en violación al Código Penal o a la Ley de Armas?

R. No, jamás en la vida.

P. ¿Usted no le dijo eso?

R. Él no puede usarla, él no debía usarla.  Él no puede usarla para nada.

P. Pero, no le dijo que no podía usar ese vehículo, este en violación al Código Penal, ni a la Ley de Armas.

R. Seguro que no.

P. Pero, ¿no le dijo eso?

R. Ni él, ni yo.[21]

En vista de tal contexto, razonamos que la reclamación judicial presentada por los apelantes descansó meramente en la alegada directriz brindada por el señor Díaz Vázquez a su hijo con relación al uso del automóvil.  No obstante, la declaración de testigo demandante no resultó suficiente ni mereció valor probatorio por parte del juzgador de los hechos.  A la luz de ese testimonio, los apelantes no probaron que efectuaron afirmativamente las medidas cautelares o las instrucciones particulares correspondientes a los fines de prevenir el uso ilegal de la propiedad.  Al contrario, notamos que ante el hecho de que estuvieron más de un mes fuera de Puerto Rico sin tomar tales directrices, colocaron en posesión de su hijo el automóvil, el cual eventualmente los agentes de orden público vincularon con la comisión de un delito.

**Recordemos, pues, que la jurisprudencia interpretativa establece que la parte que alegue un interés legal sobre la propiedad confiscada debe demostrar que tomó medidas cautelares expresas o instrucciones particulares**.  Véase *First Bank, Univ. Ins. Co. v. E. L. A., supra,* pág. 84.  (Énfasis nuestro).  Sin embargo, según las circunstancias de este caso y a tenor con la prueba oral y documental desfilada en la

---

[21] Transcripción de la Prueba Oral, pág. 24.

celebración del juicio, no encontramos los elementos jurídicos para activar la defensa de tercero inocente a favor de los apelantes.  Véase *First Bank, Univ. Ins. Co. v. E. L. A., supra,* pág. 84.

Por tanto, disponemos que no obra en el expediente material probatorio que nos motive a resolver que el tribunal sentenciador actuó contrario a derecho o fundamentado en prejuicio, parcialidad o error manifiesto.  Nos corresponde, en efecto, confirmar la *Sentencia* apelada y ser deferentes ante las determinaciones de hechos formuladas y la apreciación de la prueba por parte del foro primario.

**IV.**

Por los fundamentos que anteceden, **confirmamos** la *Sentencia* objeto de este recurso apelativo.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones